UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

Case No. _____



1:03 CV 00170

VICTORIA T. McPHATTER, ALEXIS )
SCHOENTHAL and HUGH Q. SMITH, )
on behalf of themselves and others similarly )
situated, including but not limited to: )
JAMES MICHAEL McSWAIN, )
DEBORAH M. MICHALIC, SHARON )
ALESIA MILLER, BARBARA P. )
MOORE, SHIRLEY J. MOORE, JOHN )
DENNIS MORGAN, BETTIE H. )
NOBLITT, DIANE WILSON SHYTLE, )
LINDA T. SMART, CAROL JEAN NASH )
SPENCER, MARY STATEN SPEARS, )
THELMA L. HARDIN, MARSHA )
ROLLINS McKEE, PATRICIA ANN )
HANNA, REBECCA M. HOPKINS, )
BARBARA R. HOUSTON, CORA L. )
HUDSON, MARY L. HUNTLEY, VIVIAN )
B. REICHART, LAVONNE M. )
THOMPSON, ALVIN LEWIS )
UNDERDOWN, MARION C. )
ALEXANDER, KAYE GAMBLE FALLS )
AND HUSBAND, ALBERT HERMAN )
FALLS, NANCY B. FOX, WILLIAM )
ALONZO GHENT, BETTY B. GILBERT, )
J.W. KAYLOR, JANICE B. CARTER, )
LINDA B. CHITWOOD, CAROLYN B. )
EVANS, WALDENE C. BERRY, ELAINE )
D. BLACK, BRENDA Y. BURGIN, )
MYRA G. GRAHAM, LINDA D. )
GRIFFIN, DENNIS R. HAMRICK, FAYE )
J. ERTZBERGER, JOHNNY C. )
PATTERSON, BRENDA M. PERRY, )
DELOISE P. WALKER, JUDITH S. )
LYTLE, ALLISON GRANT, LUCINDA )
B. GARDIN, VERA P. CLIFTON, )
DEBORAH DAVIS, KATHRYN WHITE, )
)
Plaintiffs, )
)
vs. )

**NOTICE OF REMOVAL**

2129180.01
LIB: CH

JEFFERY LIN SWEITZER, MATTHEW )
JAMES MULLER, SR., SAMUEL BOYCE )
RANKIN, RANDY MATZ, JOSEPH M. )
ZENTNER, JR. and OTHER )
DEFENDANTS TO BE NAMED, and )
SALOMON SMITH BARNEY, INC. )
                                      )
            Defendants.               )
_____ )

PLEASE TAKE NOTICE that Defendants Jeffery Lin Sweitzer, Matthew James Muller, Sr., Samuel Boyce Rankin, Randy Matz, Joseph M. Zentner, Jr., and Salomon Smith Barney, Inc. (collectively "Defendants"), by and through their undersigned counsel, Kennedy Covington Lobdell & Hickman, L.L.P., pursuant to 28 U.S.C. §§ 1441 and 1446, hereby remove this action from the North Carolina General Court of Justice, Superior Court Division for Guilford County, to the United States District Court for the Middle District of North Carolina, on the following grounds:

1.    On or about February 3, 2003, an action was commenced in the North Carolina General Court of Justice, Superior Court Division for Guilford County, captioned <u>Victoria T. McPhatter, Alexis M. Shoenthal, and Hugh Q. Smith, on behalf of themselves and others similarly situated, v. Jeffery Lin Sweitzer, Matthew James Muller, Sr., Samuel Boyce Rankin, Randy Matz, Joseph M. Zetner, Jr., and Other Defendants to be Named and Salomon, Smith, Barney, Inc.</u>, Civil Action No. 03-CVS-3555 (the "State Court Action").

2.    The first date upon which Defendant Jeffery Lin Sweitzer ("Sweitzer") received a copy of the Summons in this Action was January 24, 2003, when Sweitzer received a copy of this document by certified mail.

2

2129180.01
LIB: CH

3.     The first date upon which Defendant Matthew James Muller, Sr. ("Muller") received a copy of the Summons in this Action was January 24, 2003, when Muller received a copy of this document by certified mail.

4.     The first date upon which Defendant Samuel Boyce Rankin ("Rankin") received a copy of the Summons in this Action was January 24, 2003, when Rankin received a copy of this document by certified mail.

5.     The first date upon which Defendant Randy Matz ("Matz") received a copy of the Summons in this Action was January 24, 2003, when Matz received a copy of this document by certified mail.

6.     The first date upon which Defendant Joseph M. Zentner, Jr. ("Zentner") received a copy of the Summons in this Action was January 24, 2003, when Zentner received a copy of this document by certified mail.

7.     The first date upon which Defendant Salomon Smith Barney ("SSB") received a copy of the Summons in this Action was January 22, 2003, when SSB's registered agent in North Carolina received a copy of this document by certified mail.  The first date upon which Defendant SSB received a copy of the Complaint in this Action was February 12, 2003, when SSB's registered agent in North Carolina received a copy of this document by certified mail.

8.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely since it has been filed within thirty (30) days of Defendants' receipt of the Summons in the State Court Action, and within thirty (30) days of Defendants' receipt of the Complaint in the State Court Action.

9.     This is a purported class action on behalf of current and/or former clients of Defendant SSB who allege that their investment accounts failed to reach certain rates of return

3

promised by employees of Defendant SSB. (*See* Complt. ¶ 98.). The Complaint purports to assert common law claims of breach of fiduciary duty, negligence, negligent misrepresentation, breach of contract, aggravated breach of contract, and equitable estoppel, as well as a statutory claim under North Carolina's Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75-1.1 *et. seq.*, and North Carolina's Racketeer Influenced and Corrupt Organizations Act, N.C.G.S. § 75D-1 *et. seq.*

10.    On November 3, 1998, the Securities Litigation and Uniform Standards Act of 1998 ("SLUSA") became effective. Pub. L. No. 105-353, 112 Stat. 3227 (1998). Under SLUSA, "no covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging (a) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or (b) that the defendant used or employed any manipulative or deceptive device in connection with the purchase or sale of a covered security." 15 U.S.C. §§ 77p(b) and 78bb(f)(1).

11.    This action is a "covered class action" within the meaning of 15 U.S.C. § 77p(f)(2)(A) and/or 15 U.S.C. § 78bb(f)(5)(B)(i). Plaintiffs are seeking the recovery of damages on behalf of themselves and a prospective class of other similarly situated SSB clients, and Plaintiffs allege that questions of law and fact common to the members of the class predominate over any questions affecting only individual persons or members. (See Complt. ¶ 72).

12.    The covered class action involves a "covered security" within the meaning of 15 U.S.C. § 77p(f)(3) and/or 15 U.S.C. § 78bb(f)(5)(E) because the alleged failure of Plaintiffs' investment accounts to achieve the promised rates of return necessarily involves the performance of covered securities.

4

13. As reflected in paragraphs 3, 5-6, 90-93, and 170, the Complaint alleges misrepresentations or omissions of material fact by employees of SSB in connection with the purchase or sale of covered securities, and/or that employees of Defendant SSB used or employed a manipulative or deceptive device or contrivance in connection with the purchase or sale of covered securities.

14. Accordingly, this is a civil action of which this Court has original jurisdiction pursuant to 15 U.S.C. §§ 77p(c) and 78bb(f)(2) and 28 U.S.C. § 1331, without regard to the amount in controversy or the citizenship of the parties, and is properly removable pursuant to 15 U.S.C. §§ 77p(c) and 78bb(f)(2) and 28 U.S.C. § 1331. *See, e.g., Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101 (2d Cir. 2001); *Prager v. Knight/Trimark Group, Inc.*, 124 F. Supp. 2d 229 (D.N.J. 2000).

15. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served upon Defendants in the State Court Action are attached as Exhibit A. No further proceedings have been conducted in the State Court Action.

16. By filing this Notice of Removal, Defendants do not waive any defense that may be available to them, including any objection to the venue of this action.

17. A copy of this notice will be filed with the Clerk of Superior Court for Guilford County, North Carolina, as required by 28 U.S.C. § 1446(d).

18. Defendants will give written notice of the filing of this notice to all adverse parties as required by 28 U.S.C. § 1446(d).

2129180.01
LIB: CH

WHEREFORE, Defendants respectfully request removal of this action from the North Carolina General Court of Justice, Superior Court Division for Guilford County, to the United States District Court for the Middle District of North Carolina.

This the 21st day of February, 2003.

George C. Covington
N.C. State Bar No. 12370
John H. Culver III
N.C. State Bar No. 17849
Hearst Tower, 47th Floor
214 North Tryon Street
Charlotte, NC 28202
Telephone: (704) 331-7400
**Attorneys for Defendants**

OF COUNSEL:

KENNEDY COVINGTON LOBDELL & HICKMAN, L.L.P.
Hearst Tower, 47th Floor
214 North Tryon Street
Charlotte, NC 28202
Telephone: (704) 331-7400
Facsimile: (704) 331-7598

2129180.01
LIB: CH

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **Notice of Removal** was served upon all other parties to this action by depositing a copy of the same in the United States mail, first-class postage prepaid, addressed as follows:

Robert N. Hunter
101 West Friendly Avenue, Suite 500
Greensboro, NC 27401

Robert v. McIver
101 West Friendly Avenue, Suite 500
Greensboro, NC 27401

Tracy Pride Stoneman
301 Snowcrest
Westcliffe, CO 81252

**Attorneys for Plaintiff Class Members**

This 21st day of February, 2003.

John H. Culver III

2129180.01
LIB: CH

NORTH CAROLINA                                    IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION

GUILFORD COUNTY                                 03 CVS 3555

VICTORIA T. McPHATTER, ALEXIS M. )
SCHOENTHAL and HUGH Q. SMITH, on )
behalf of themselves and others similarly situated, )
including but not limited to: JAMES MICHAEL )
McSWAIN, DEBORAH M. MICHALIC, )
SHARON ALESIA MILLER, BARBARA P. )
MOORE, SHIRLEY J. MOORE, JOHN DENNIS )
MORGAN, BETTIE H. NOBLITT, DIANE )
WILSON SHYTLE, LINDA T. SMART, CAROL )
JEAN NASH SPENCER, MARY STATEN )
SPEARS, THELMA L. HARDIN, MARSHA )
ROLLINS McKEE, PATRICIA ANN HANNA, )
REBECCA M. HOPKINS, BARBARA R. )
HOUSTON, CORA L. HUDSON, MARY L. )
HUNTLEY, VIVIAN B. REICHART, )
LAVONNE M. THOMPSON, ALVIN LEWIS )
UNDERDOWN, MARION C. ALEXANDER, )
KAYE GAMBLE FALLS AND HUSBAND, )
ALBERT HERMAN FALLS, NANCY B. FOX, )
WILLIAM ALONZO GHENT, BETTY B. )
GILBERT, J.W. KAYLOR, JANICE B. CARTER, )
LINDA B. CHITWOOD, CAROLYN B. EVANS, )
WALDENE C. BERRY, ELAINE D. BLACK, )
BRENDA Y. BURGIN, MYRA G. GRAHAM, )
LINDA D. GRIFFIN, DENNIS R. HAMRICK, )
FAYE J. ERTZBERGER, JOHNNY C. )
PATTERSON, BRENDA M. PERRY, )
DELOSIE P. WALKER, JUDITH S. LYTLE, )
ALLISON GRANT, LUCINDA B. GARDIN, )
VERA P. CLIFTON, DEBORAH DAVIS, )
KATHRYN WHITE, )
                                       )
      Plaintiffs, )
                                       )
      vs. )
                                       )
JEFFERY LIN SWEITZER, MATTHEW )
JAMES MULLER, SR., SAMUEL BOYCE )
RANKIN, RANDY MATZ, JOSEPH M. )
ZENTNER, JR. and OTHER DEFENDANTS )
TO BE NAMED and SALOMON, SMITH, )



**COMPLAINT**

1

BARNEY, INC.,                              )
                                           )
        Defendants.                        )
_____)

Plaintiffs, complaining of Defendants, allege and state:

## INTRODUCTION

1.  This claim is brought as a class action pursuant to N.C.G.S. § 1A-1, Rule 23 by Plaintiffs who are or were clients of Defendant Salomon, Smith Barney, Inc. and Smith Barney employees (the "financial consultants"). The financial consultants marketed their financial advice services to "craft workers" and others at Bell South and other places of employment, and persuaded these clients to use Defendants' financial consulting services which included financial planning, tax advice, and the entrustment of all of Plaintiffs' retirement funds to the Defendants for the purposes of meeting financial planning goals established by the financial consultants and their clients.

2.  No claim is brought by the Plaintiff Class members in this action for violation of either state or federal securities laws and the representations, upon which this complaint is based, made by the Defendants to the Plaintiffs were not made in connection with the sale or purchase of securities.

3.  The foundation of the financial consulting services sold and provided by the Defendants and the resulting planning goals produced by the Defendants centered the following premise to wit:
    *A client of the Defendants could base his/her financial plan, and reasonably rely upon, minimum gross rates of returns of 12% each and every year for the expected lifetime of the client, and receive regular withdrawals of income sufficient to maintain the client's lifestyle and financial goals without reduction of principal.*

4.  The Defendants sought to enter into a fiduciary relationship and entered into a fiduciary relationship with the Plaintiffs which was a special relationship of trust and confidence.

5.  In providing the financial consulting services to the Plaintiffs, the Defendants failed to disclose information which under the circumstances should have been disclosed to the Plaintiffs, to wit, that the earnings premise detailed in paragraph 3 was not historically accurate and should not be relied upon for the purposes of individual financial planning and retirement.

6.  The use of this premise as a foundation for all of the financial plans produced by the Defendants for the Plaintiff clients is not random or accidental, but was calculated to be believed and relied upon by the Plaintiffs, and was repeatedly made to the members of the Plaintiff Class at different times over the past several years and, on information and belief,

2

to many more persons.

7.  Based primarily upon this premise, and upon inferences drawn by the Defendants, the Defendants recommended to Plaintiffs a series of financial transactions which included, *inter alia*, the Plaintiffs' retirement from secure high-paying jobs with benefits at Bell South, retirement from employment altogether, reliance upon the income projected by their financial consultants, the use of retirement funds to pay current debts, and reliance upon tax planning advice rendered by Defendants, which advice was premised and dependent upon Plaintiffs remaining retired after they stopped work.

8.  The Plaintiff Class consists wholly of members who are or were North Carolina residents at the time of these transactions and occurrences.

9.  The Plaintiff Class members claims are for negligence, negligent misrepresentation, breach of contract, equitable estoppel, aggravated breach of contract, breach of fiduciary duty, unfair trade practices and state RICO violations.

10. Pursuant to Rule 2.1 of the General Rules of Practice for Superior Court actions, this matter should be designated as an exceptional and/or complex business case and referred to the North Carolina Business Court.

## PARTIES

11. Plaintiff Victoria T. McPhatter (hereinafter "McPhatter") is a citizen and resident of Union County, North Carolina.

12. Plaintiff Alexis M. Schoenthal (hereinafter "Schoenthal") is a citizen and resident of Mecklenburg County, North Carolina.

13. Plaintiff Hugh Q. Smith (hereinafter "Smith") is a citizen and resident of Gaston County, North Carolina.

14. Plaintiff James M. McSwain is a citizen and resident of Cleveland County, North Carolina.

15. Plaintiff Deborah M. Michalic is a citizen and resident of Mecklenburg County, North Carolina.

16. Plaintiff Sharon A. Miller is a citizen and resident of Mecklenburg County, North Carolina.

17. Plaintiff Barbara P. Moore is a citizen and resident of Mecklenburg County, North Carolina.

18. Plaintiff Shirley J. Moore is a citizen and resident of New Hanover County, North Carolina.

19. Plaintiff John D. Morgan is a citizen and resident of Cleveland County, North Carolina.

3

20. Plaintiff Bettie H. Noblitt is a citizen and resident of Texas, but at the time of these transactions was a citizen and resident of Mecklenburg County, North Carolina.

21. Plaintiff Diane Wilson Shytle is a citizen and resident of Gaston County, North Carolina.

22. Plaintiff Linda T. Smart is a citizen and resident of Mecklenburg County, North Carolina.

23. Plaintiff Carol Jean Nash Spencer is a citizen and resident of Mecklenburg County, North Carolina.

24. Plaintiff Mary Staten Spears is a citizen and resident of Mecklenburg County, North Carolina.

25. Plaintiff Thelma L. Hardin is a citizen and resident of Mecklenburg County, North Carolina.

26. Plaintiff Marsha R. McKee is a citizen and resident of Union County, North Carolina.

27. Plaintiff Patricia A. Hanna is a citizen and resident of Gaston County, North Carolina.

28. Plaintiff Rebecca M. Hopkins is a citizen and resident of Mecklenburg County, North Carolina.

29. Plaintiff Barbara R. Houston is a citizen and resident of Mecklenburg County, North Carolina.

30. Plaintiff Cora L Hudson is a citizen and resident of Mecklenburg County, North Carolina.

31. Plaintiff Mary Louise Huntley is a citizen and resident of Mecklenburg County, North Carolina.

32. Plaintiff Vivian B. Reichart is a citizen and resident of Cabarrus County, North Carolina.

33. Plaintiff Lavonne M. Thompson is a citizen and resident of Gaston County, North Carolina.

34. Plaintiff Alvin Lewis Underdown is a citizen and resident of Gaston County, North Carolina.

35. Plaintiff Marion C. Alexander is a citizen and resident of Mecklenburg County, North Carolina.

36. Plaintiff Kaye Gamble Falls is a citizen and resident of Mecklenburg County, North Carolina.

37. Plaintiff Albert Falls is a citizen and resident of Mecklenburg County, North Carolina.

38. Plaintiff Nancy B. Fox is a citizen and resident of Mecklenburg County, North Carolina.

4

39.　　Plaintiff William Alonzo Ghent is a citizen and resident of Rowan County, North Carolina.

40.　　Plaintiff Betty B. Gilbert is a citizen and resident of Horry County, South Carolina, but at the time of these transactions was a resident of Mecklenburg County, North Carolina.

41.　　Plaintiff J.W. Kaylor is a citizen and resident of Lincoln County, North Carolina.

42.　　Plaintiff Janice B. Carter is a citizen and resident of Union County, North Carolina.

43.　　Plaintiff Linda B. Chitwood is a citizen and resident of Cabarrus County, North Carolina.

44.　　Plaintiff Carolyn Bodrick Evans is a citizen and resident of Mecklenburg County, North Carolina.

45.　　Plaintiff Waldene C. Berry is a citizen and resident of York County, South Carolina but at the time of these transactions was a resident of Mecklenburg County, North Carolina.

46.　　Plaintiff Elaine D. Black is a citizen and resident of Union County, North Carolina.

47.　　Plaintiff Brenda Young Burgin is a citizen and resident of Mecklenburg County, North Carolina.

48.　　Plaintiff Myra Grace Graham is a citizen and resident of Mecklenburg County, North Carolina.

49.　　Plaintiff Linda D. Griffin is a citizen and resident of Gaston County, North Carolina.

50.　　Plaintiff Dennis Roger Hamrick is a citizen and resident of Cleveland County, North Carolina.

51.　　Plaintiff Faye J. Ertzberger is a citizen and resident of Gaston County, North Carolina.

52.　　Plaintiff Johnny L. Patterson is a citizen and resident of Mecklenburg County, North Carolina.

53.　　Plaintiff Brenda Perry is a citizen and resident of Union County, North Carolina.

54.　　Plaintiff Deloise P. Walker is a citizen and resident of Mecklenburg County, North Carolina.

55.　　Plaintiff Judith S. Lytle is a citizen and resident of Buncombe County, North Carolina.

56.　　Plaintiff Allie Grant is a citizen and resident of Mecklenburg County, North Carolina.

57.　　Plaintiff Lucinda B. Gardin is a citizen and resident of Gaston County, North Carolina.

58. Plaintiff Vera P. Clifton is a citizen and resident of Mecklenburg County, North Carolina.

59. Plaintiff Deborah Davis is a citizen and resident of Mecklenburg County, North Carolina.

60. Plaintiff Sandra L. Leslie is a citizen and resident of Mecklenburg County, North Carolina.

61. Plaintiff Kathryn White is a citizen and resident of Mecklenburg County, North Carolina.

62. Defendant Jeffery Lin Sweitzer (hereinafter "Sweitzer"), upon information and belief, is a citizen and resident of Mecklenburg County, North Carolina.

63. Defendant Matthew James Muller, Sr. (hereinafter "Muller"), upon information and belief, is a citizen and resident of Mecklenburg County, North Carolina.

64. Defendant Samuel Boyce Rankin (hereinafter " Rankin "), upon information and belief, is a citizen and resident of Mecklenburg County, North Carolina.

65. Defendant Randy Matz (hereinafter "Matz"), upon information and belief, is a citizen and resident of Mecklenburg County, North Carolina.

66. Defendant Joseph M. Zentner, Jr. (hereinafter "Zentner"), upon information and belief, is a citizen and resident of Mecklenburg County, North Carolina.

67. On information and belief, other named Defendants are, like Sweitzer, Muller, Rankin, Matz and Zentner, employees of Salomon Smith Barney and citizens and residents of Mecklenburg County, North Carolina.

68. Defendant Salomon Smith Barney, Inc. (hereinafter "Salomon"), upon information and belief, is a corporation organized under the laws of the state of New York, is registered to do business in North Carolina and is the successor entity to Smith Barney, Inc.

69. Defendants Sweitzer, Muller, Rankin, Matz, Zentner and others were at all times relevant to this action employees of the Defendant Salomon, or its predecessor entities.

70. Defendant Matz, upon information and belief, is a branch manager of the Defendant Salomon in the firm's Charlotte, North Carolina office and is the supervisor of the other individual defendants.

71. The Defendants Sweitzer, Muller, Rankin, Zentner and other unknown defendants to be added at a later time (hereinafter collectively referred to as the "financial consultants") are engaged in the business of providing financial consulting advice, especially to Bell South employees who are eligible to retire after 30 years of service to Bell South.

6

## CLASS ACTION

72. This is a class action brought pursuant to Rule 23 of the North Carolina Rules of Civil Procedure because questions of law and fact common to all members of the proposed Class predominate over any questions affecting individual Class members, because a class action lawsuit is superior to other available methods for fair and efficient adjudication of the controversy, and because final monetary relief is appropriate with respect to the Class as a whole.

73. Because adjudication of these common matters except as a Class may lead to disparate results, the proposed Class is defined as persons who were or have been employees of Bell South, or other places of employment, and who received retirement advice and projections of income from the Defendants, and, based on that advice, made the decision to retire from employment. Members of the Class are referred to herein as "Plaintiffs".

74. Plaintiffs' counsel estimates that the proposed class numbers at least 40 persons, who have submitted material to them for review, and could be as high as 200 persons. More precise estimates depend upon information to be produced during discovery.

75. The questions of law and fact which are common to this Class include:

BREACH OF FIDUCIARY DUTY:

  a. Did a relationship of trust and confidence exist between the Plaintiffs and the Defendants?

  b. Did the Defendants use their position of trust and confidence to bring about the Plaintiffs entrustment of their retirement funds to the detriment of the Plaintiffs and for the benefit of the Defendants?

NEGLIGENCE

  c. Did the Defendants owe a duty of care to the Plaintiffs?

  d. Did the Defendants breach said duty of care?

  e. Was the breach of the duty of care the proximate and legal cause of damages suffered by the Plaintiffs?

NEGLIGENT MISREPRESENTATION:

  f. In the course of their business, did the Defendants supply information to the Plaintiffs?

7

g.    Did the Defendant intend for the Plaintiffs to rely upon that information for guidance or benefit in a particular business transaction?

h.    Was the information supplied by the Defendants false?

i.    Did the Defendants fail to exercise reasonable care or competence in obtaining or communicating the false information?

j.    Did the Plaintiffs rely on the false information supplied by the Defendants and was the Plaintiffs' reliance justifiable?

k.    Did the Plaintiffs' reliance cause the Plaintiff Class members to incur financial damage?

BREACH OF CONTRACT:

l.    Did the Plaintiffs enter into an agreement with the Defendants?

m.    Did the Defendants breach the agreement?

n.    Were the Plaintiffs damaged by the breach of the agreement?

AGGRAVATED BREACH OF CONTRACT:

o.    Was the Defendant's breach of contract accompanied by outrageous or aggravated conduct, such as    actual malice, oppression, a gross and willful wrong, insult, rudeness, indignity or a reckless or wanton disregard of the Plaintiffs' rights?

EQUITABLE ESTOPPEL:

p.    Did Defendants' misrepresent or conceal material facts which they knew, or should have known, were false in their communications with Plaintiff Class members?

q.    Did Defendants' expect the Plaintiff Class members to rely upon their statements?

r.    Did the Plaintiff Class members lack knowledge as to the truth or falsity of the statements made, and rely upon such statements to their detriment?

UNFAIR TRADE PRACTICE:

s.    Did the Defendant represent to the Plaintiffs that the Plaintiffs could base a financial plan and reasonably rely upon a  minimum gross rates of returns of 12% each and every  year  for  the expected lifetime of the Plaintiffs, and receive regular withdrawals of income sufficient to maintain the Plaintiffs' lifestyle and financial goals without reduction of principal?

8

t.  Was the Defendants' conduct in commerce or did it affect commerce?

u.  Were such statements unfair practices?

v.  Was the Defendants' conduct a proximate cause of damages suffered the Plaintiffs?

STATE RICO:

w.  Did the Defendants engage in a pattern of racketeering activity or acquire or maintain, directly or indirectly any interest in or control of any personal property of any nature including money?

DAMAGES:

x.  What amount of money, if any, are the Plaintiffs entitled to recover from the Defendants?

PUNITIVE DAMAGES:

y.  Are the Defendants liable for punitive damages?

z.  What amount of money, if any, should the jury award as punitive damages to the Plaintiff Class members?

76.  This matter is appropriately handled as a class action because of the legal, geographic and chronological scope of the Defendant's conduct. If the Class and its representatives are not allowed to control this litigation, not only are the interests of the Class members likely to be ignored since the damages of each member are relatively small in comparison to the cost of litigation and many members of the Class are presently unaware of their legal rights, but widely different legal results may occur.

77.  Plaintiff Class Representatives McPhatter, Schoenthal and Smith assert that they are adequate representatives of the class because of the nature of their factual claims. Plaintiff Class Representatives are prepared to go forward with the litigation and act in the best interest of the Plaintiff Class. Similarly, Plaintiffs' counsel are experienced in complex litigation and are willing to go forward and act in the best interest of the Plaintiff Class.

78.  Upon information and belief, no other litigation regarding this controversy has commenced against the Defendants.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

79.  Defendant Salomon employs, or during the relevant times herein did employ, the Defendants Sweitzer, Muller, Rankin, Matz, Zentner and others as financial consultants, acting in the

9

scope of their employment.

80. Defendant Salomon is liable for the for acts of the financial consultants under the doctrine of *respondeat superior*, and independently.

81. On information and belief, as financial consultants employed by Defendant Salomon, Defendants Sweitzer, Muller, Rankin, Zentner and others are obliged to assess each client's circumstances and objectives and then to make available to each client the appropriate wealth management and building services offered by Salomon including, without limitation, insurance products, stocks, bonds, IRA's, credit and lending service, tax advice, estate planning and philanthropy.

82. The Defendants have sophistication and expertise in financial matters, and, through Defendant Salomon, have access to relevant information on matters of financial consulting.

83. The Plaintiff Class members, as a group and individually, lack sophistication and expertise in financial matters and do not have the same access to relevant information on matters of financial consulting as the Defendants.

84. Plaintiff Class members, pursuant to their union contract or employment agreement with Bell South, were eligible to retire after thirty (30) years of service and elect either lifetime monthly benefits in the form of a fixed annuity, or a lump sum retirement benefit.

85. A Bell South employee who elected the lifetime monthly benefit upon retirement received a fixed annuity which would provide a minimum monthly sum which was calculated at the time of retirement at a fixed interest rate.

86. A Bell South employee who retired and accepted an early retirement package would forfeit thereby his or her job, job benefits and annual salary with Bell South.

87. Upon information and belief, it is alleged that the Defendants became familiar with the retirement benefits and options for which Bell South employees were eligible and could obtain upon achieving 30 years of service.

88. Beginning November 6, 1995, and continuing thereafter, the Defendants conducted a series of presentations especially designed for employees of Bell South entitled "Planning Your Financial Future." A copy of a sample of a solicitation for such a presentation is attached hereto as Exhibit "A".

89. Upon information and belief, Defendants targeted these presentations to Bell South employees who were eligible to retire after 30 years of service. Defendants began targeting or concentrating on inviting Bell South employees who were in their early 50's with little sophistication in financial planning to attend an after-work seminar at or convenient to their place of work at Bell South or convenient to their place of work. Numerous Class members accepted such invitations and attended such seminars.

10

90. At the seminars the financial consultants distributed charts showing that "Mr. Bell South " or "Mrs. Bell South" could receive asset growth rates of 12% and income yields of 9% for a period of 30 years during which the asset value, earnings, payout, net income and net/monthly income would steadily rise at these rates. A copy of one of Defendants' projections of this type is attached hereto as Exhibit "B".

91. Following the seminars, or in individual consultations, or both, the Defendants obtained financial and personal data from the Plaintiff Class members. On information and belief, it is alleged that the Defendants would first prepare an individualized Income Analysis sheet similar to statements used during the seminars showing that the client could expect to receive an asset growth rate of 12% and an income yield of 9.0%. A copy of one of Defendants' projections of this type is attached hereto as Exhibit "C."

92. The Defendants had Class members compute the effects of 9% income and 12% growth rates on paper sheets by copying down examples that the Defendants would provide intending to and actually underscoring the premise.

93. In connection with the financial consulting services provided, the Defendants made statements to the Plaintiffs that:

    a.    Class members could retire and generate higher take-home income than that which they were receiving while employed;

    b.    Class members should retire and quit employment on their own terms rather continuing in their jobs and face the risk of a layoff, on the basis that Class members were financially independent and could take full control of their lives;

    c.    Class members could maintain their present lifestyle without the need to work further;

    d.    Class members were financially secure and should rely upon tax advice and tax planning made by Defendants, including using retirement funds to pay off debts and mortgages; and

    e.    Class members should celebrate their retirement by buying a new car, a new home or by taking a foreign vacation.

94. On information and belief, it is alleged that the Defendants knew, or should have known, the specific consequences employees of Bell South and their families would face if they elected early retirement and lump sum retirement distributions, including the loss of their current jobs and the salaries provided to the clients, the loss of the choice of annuities which were being offered by Bell South, and the loss of other employment related benefits such as life insurance, participation in stock option plans and profit sharing plans.

11

95. Based in part upon Class members confidence in the relationship with Defendants and upon the performance Defendants' assured, the Class members retired, elected a lump sum payment from Bell South or his/her employer, and entrusted their lump sum pension funds with the Defendants, along with other employment related investments such as 401K proceeds and stock option proceeds. Many Plaintiff Class members also placed existing IRA funds and investment funds with the Defendants.

96. Defendants encouraged Class members to bring their Bell South retirement paperwork, and other paperwork, to the Defendants so that the Defendants could fill it out for the Plaintiffs and submit it in order that the lump sum retirement funds could go directly into accounts supervised or controlled by the Defendants.

97. Only after a Class member had decided to retire and place his/her pension funds and other savings with the Defendants did the Defendants begin the process of enrolling that Plaintiff in Salomon Smith Barney accounts.

98. The Class members did not subsequently realize or achieve either the rates of asset growth or rates of income yield which the Defendants had represented to them they would achieve by entrusting their finances to the Defendants.

99. The Defendants received compensation for their financial planning and consultative services from the Class members.

100. Beginning in 1995, and subsequently, the Class members relied upon the assurances of the Defendants concerning the asset growth rate and income yields they would receive, and retired leaving secure jobs at Bell South losing the benefits offered by said employment.

101. Acting as financial consultants, the Defendants advised the Plaintiff Class members on a wide range of financial and tax matters such as refinancing one's home to increase income, selling assets to reduce debt, and the possibility and risk of further employment.

102. As part of the financial consulting services provided, Defendants undertook to advise Class members regarding the tax consequences of transferring their retirement funds and establishing accounts with Salomon Smith Barney. Said advice included, *inter alia*, recommendations regarding the establishment of "72 T accounts." These accounts, on information and belief, are tax planning devices which were to enable Plaintiff Class members to receive distributions from their retirement funds prior to age 59 ½..

103. Defendants failed to properly and fully advise and consult Class members regarding the operation, conditions of and tax risks associated with 72 T accounts. Under Internal Revenue Code Section 72(t)(1) (hereinafter "72 T accounts" or "72 T") distributions from a qualified retirement plan are subject to an additional 10% tax if they are made before the participant reaches age 59 ½. This tax does not apply upon death or disability of the participant, to distributions after separation from service that are a part of a series of

12

substantially equal periodic payments over the life of the participant or the joint lives of the participant and the beneficiary, or to distributions after separation from service, if the separation occurred during or after the calendar year in which the participant reached 55 and for other reasons not exigent to these alleged facts. Most if not all of the Plaintiff Class members because of the wide fluctuations in income are not able to be exempt from the 10% penalty provisions of 72 T and as a result are subject to tax penalties as a direct result of the advice of the Defendants.

104. Plaintiff, Victoria T. McPhatter, is a 55 year old female who was employed by Bell South from 1965 until she retired in 2000. She was the primary support for herself and two mentally disabled sons. Ms. McPhatter is married to Frederick N. McPhatter who works for Piedmont Natural Gas Company. Ms. McPhatter completed high school in 1965 and began working for Bell South, and when she left the company she coordinated installation of voice and data services for large business customers. Her salary before she retired was approximately $58,000.00. In June 2000, based advice she received from Defendants Sweitzer and Muller, she retired and placed approximately $255,000.00 of her retirement funds from Bell South and approximately $66,000.00 from her Bell South 401K program with the Defendants. Defendants advised Plaintiff McPhatter that she could expect to receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which she could begin withdrawals from her retirement funds prior to 59 ½ years of age. Plaintiff McPhatter was forced to return to work as a temporary contract employee at a lower salary without benefits. Plaintiff McPhatter's damages exceed $10,000.00.

105. Plaintiff Alexis M. Schoenthal is a 54 year old female who was employed by Bell South for approximately 32 years, ultimately as a Testing Technician. She has completed high school. Her salary before she retired was approximately $49,000.00. In July 2000, based on advice she received from Defendants Sweitzer and Muller, she retired and placed approximately $469,000.00 of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which she could begin withdrawals from her retirement funds prior to 59 ½ years of age. Plaintiff Schoenthal is looking for work and lives off her diminishing retirement funds. Plaintiff Schoenthal's damages exceed $10,000.00.

106. Plaintiff Hugh Q. Smith is a 54 year old male who was employed by Bell South for approximately 27 years as a service manager. He has completed college. His salary before he retired was approximately $72,000.00. In December 2000, based on advice he received from Defendants Sweitzer and Muller, Plaintiff Smith retired and placed approximately $703,000.00 of his retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that he would receive a sufficiently generous return on his investments enabling him to take advantage of a tax planning device for early retirement, designated 72T from which he could begin withdrawals from his retirement funds prior to 59 ½ years of age. Plaintiff Smith was forced to return to work at a lower salary. Plaintiff Smiths's damages exceed $10,000.00.

13

107. Plaintiff James Michael McSwain, is a 55 year old male who was employed by Bell South from 1965 until he retired in 2000. He was the primary support for himself and his wife, Joy Anne, who is employed by the North Carolina Department of Transportation. Mr. McSwain completed high school in 1965, and began working for Bell south repairing telephone cables. His salary when he retired was approximately $42,000.00. In February 2000, based advice he received from Defendants Sweitzer and Muller, Plaintiff McSwain retired and placed approximately $261,008 of his retirement funds from Bell South, $170,000 from his Bellsouth 401K Rollover, and $15,000 of his stock option funds with the Defendants. Defendants advised Plaintiff McSwain that he would receive a sufficiently generous return on his investments enabling him to take advantage of a tax planning device for early retirement designated 72T from which he could begin withdrawals from his retirement funds prior to 59 ½ years of age. Plaintiff McSwain has attempted to find a permanent full-time position but has only been able to find work as a part-time trainer for Bell South, at a lower salary and without benefits, and has had to pay tax penalties for withdrawal of retirement funds early while returning to work. Plaintiff McSwain's damages exceed $10,000.00.

108. Plaintiff Deborah M. Michalic is a 50 year old female who was employed by Bell South from August 1968 until she retired in August 2000. Ms. Michalic is married to Joseph E. Michalic who works for C & G Home Repair. Ms. Michalic completed high school, and when she left the company she coordinated projects for sales representatives overseeing additions and changes to network services. Her salary before she retired was approximately $60,500.00. In August 2000, based advice she received from Defendants Sweitzer and Muller, Plaintiff Michalic retired and placed approximately $268,000.00 of her retirement funds from Bell South, $3,000 from her Employee Stock Ownership Plan and approximately $36,000.00 from her Bell South 401K program with the Defendants. Defendants Sweitzer and Muller advised Plaintiff Michalic that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which she could begin withdrawals from her retirement funds prior to 59 ½ years of age. In addition, Defendants advised the Plaintiff to pay off debts with her retirement funds, even though there would be a tax penalty, because the generous return she would have on her funds would be sufficient to enable her to retire. Plaintiff Michalic was forced to return to work at at a lower salary. Plaintiff Michalic's damages exceed $10,000.00.

109. Plaintiff Sharon Alesia Miller is a 52 year old female who was employed by Bell South for 30 years. She is the sole support for herself and one college age child. Ms. Miller is single and has a high school education. Her ultimate job at Bell South was to install and repair public telephones. Her salary before she retired was approximately $47,000.00. In June 2000, based on advice she received from Defendants Sweitzer and Muller, Plaintiff Miller retired and placed approximately $223,000 of her retirement funds from Bell South and her individual IRA account with the Defendants. Defendants advised Plaintiff Miller that she would receive a sufficiently generous return on her investments to retire. Plaintiff Miller was forced to return to work at a lower salary. Plaintiff Miller's damages exceed $10,000.00.

14

110. Plaintiff Barbara P. Moore is a 49 year old female who was employed by Bell South for 32 years until she retired in October 2000. She is married to Walter T. Moore who also works for Bell South. Ms. Moore completed high school in 1965, and began working for Bell South. When she left the company she served as tier one support for electronic technicians. Her salary before she retired was approximately $46,000.00. In September 2000, based on the discussions she had with Defendants Sweitzer and Muller, Plaintiff Moore retired and placed approximately $231,000.00 of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff Moore that she would receive a sufficiently generous return on her investments so that she could retire. Plaintiff Moore was forced to return to work. Plaintiff Moore's damages exceed $10,000.00.00.

111. Plaintiff Shirley J. Moore is a 55 year old single female who was employed by Bell South for approximately 32 years. Prior to her retirement she served as a partnership representative to assist laid off employees become knowledgeable about their benefits packages. Ms. Moore completed high school. Her salary before she retired was approximately $51,000.00. In April 1999, based on advice she received from Defendants Sweitzer and Muller, Plaintiff Moore retired and placed approximately $96,000.00 of her retirement account with the Defendants. Defendants advised Plaintiff Moore that she would receive a sufficiently generous return on her investments so that she could retire. Plaintiff Moore was forced to return to work. Plaintiff Moore's damages exceed $10,000.00.

112. Plaintiff John Dennis Morgan is a 55 year old male who was employed by Bell South for over 34 years. Prior to his retirement, he installed and repaired digital transmission equipment and fiber optic equipment. He is married to Mary Norville Morgan who works for Alston Bridges Barbecue Inc of Shelby, N.C. His salary before he retired was approximately $44,000.00. In February 2000, based on advice he received from Defendants Sweitzer and Muller, Plaintiff Morgan retired and placed approximately $309,000.00 in retirement funds, 401K rollover, and employee stock option funds with the Defendants. Defendants advised Plaintiff Morgan that he would receive a sufficiently generous return on his investments so that he could retire. Plaintiff Morgan has been forced to leave his retirement and seek work. Plaintiff Morgan's damages exceed $10,000.00.

113. Plaintiff Bettie H. Noblitt is a 58 year old female who was employed by Bell South for approximately 31 years as a toll testing technician. Ms. Noblitt completed high school in 1965. Her salary before she retired was approximately $ 64,000. In June 1998, based on advice she received from Defendants Sweitzer and Muller, Plaintiff Noblitt retired and placed approximately $206,000.00 of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff Noblitt that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which she could begin withdrawals from her retirement funds prior to 59 ½ years of age. Plaintiff Noblitt has had to returned to work part-time in a grocery store, but due to her health concerns has not been able to secure full-time work. Plaintiff Noblitt's damages exceed $10,000.00.

15

114. Plaintiff Diane Wilson Shytle is a 52 year old female who was employed by Bell South for approximately 30 years as a customer services representative. Mrs. Shytle completed high school. Her salary before she retired was approximately $50,000.00. In March 2000, based on advice she received from Defendants Sweitzer and Muller, Plaintiff Shytle retired and placed approximately $285,000.00 of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which she could begin withdrawals from her retirement funds prior to 59 ½ years of age. Plaintiff Shytle was forced to return to work at a temporary contract position at a lower salary without employee benefits. Plaintiff Shytle's damages exceed $10,000.00.

115. Plaintiff Linda T. Smart is a 55 year old female who was employed by Bell South for approximately 32 years, ultimately as a drafting clerk. Mrs. Smart completed high school. Her salary before she retired was approximately $32,000.00 In July 1997, based on advice she received from Defendants Sweitzer and Muller, Plaintiff Smart retired and placed approximately $100,000.00 of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which she could begin withdrawals from her retirement funds prior to 59 ½ years of age. Plaintiff Smart was forced to return to work at a temporary contract position at a lower salary without employee benefits, and has had to pay tax penalties for withdrawal of retirement funds while returning to work. Plaintiff Smart 's damages exceed $10,000.00.

116. Plaintiff Carol Jean Nash Spencer is a 56 year old female who was employed by Bell South for approximately 33 years, ultimately as a maintenance technician. She completed high school. Her salary before she retired was approximately $32,000.00. In August 1998, based on advice she received from Defendants Sweitzer and Muller, Plaintiff Spencer retired and placed approximately $158,000.00 of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which she could begin withdrawals from her retirement funds prior to 59½ years of age. Plaintiff Spencer was forced to return to work in a temporary contract position at a lower salary without employee benefits, and has had to pay tax penalties for withdrawal of retirement funds while returning to work. Plaintiff Spencer's damages exceed $10,000.00.

117. Plaintiff Mary Staten Spears is a 51 year old female who was employed by Bell South for approximately 31 years, ultimately as a frame attendant. She completed high school. Her salary before she retired was approximately $29,000.00. In July 2000, based on advice she received from Defendants Sweitzer and Muller, Plaintiff Spears retired and placed approximately $216,000.00 of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement

16

designated 72T from which she could begin withdrawals from her retirement funds prior to 59½ years of age. Plaintiff Spears was forced to seek non-retirement employment and is training for a position at a lower salary. Plaintiff Spears' damages exceed $10,000.00.

118. Plaintiff Thelma L. Hardin is a 51 year old female who was employed by Bell South for approximately 31 years, ultimately as a frame attendant. She has completed high school. Her salary before she retired was approximately $38,000.00. In October 2000, based on advice she received from Defendants Sweitzer and Muller, Plaintiff Hardin retired and placed approximately $240,000.00 of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff Hardin that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which she could begin withdrawals from her retirement funds prior to 59 ½ years of age. Plaintiff Hardin was forced to return to at a lower salary, and has had to pay tax penalties for withdrawal of retirement funds while returning to work. Plaintiff Hardin's damages exceed $10,000.00.

119. Plaintiff Marsha Rollins McKee is a 51 year old female who was employed by Bell South for approximately 32 years, ultimately as a maintenance administrator. She has completed high school. Her salary before she retired was approximately $37,000.00. In September 2000, based on advice she received from Defendants Sweitzer and Muller, Plaintiff McKee retired and placed approximately $260,000.00 of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which she could begin withdrawals from her retirement funds prior to 59 ½ years of age. Plaintiff McKee was forced to return to work in a temporary contract position at a lower salary without employee benefits, and has had to pay tax penalties for withdrawal of retirement funds early while returning to work. Plaintiff McKee's damages exceed $10,000.00.

120. Plaintiff Patricia Ann Hanna is a 57 year old female who was employed by Bell South for approximately 23 years, ultimately as a customer service associate. She has completed high school. Her salary before she retired was approximately $43,000.00. In December 2000, based on advice she received from Defendants Sweitzer and Muller, Plaintiff Hanna retired and placed approximately $160,000.00 of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which she could begin withdrawals from her retirement funds prior to 59 ½ years of age. Plaintiff Hanna was forced to return to work part-time as a paralegal at a lower salary without employee benefits. Plaintiff Hanna's damages exceed $10,000.00.

121. Plaintiff Rebecca M. Hopkins is a 52 year old female who was employed by Bell South for approximately 30 years, ultimately as a billing verification assistant. She has completed high school. Her salary before she retired was approximately $32,000.00. In March 1999, based on advice she received from Defendants Sweitzer and Muller, Plaintiff Hopkins retired

and placed approximately $ 285,000.00 of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that she would receive a sufficiently generous return on these investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which they could begin withdrawals from her retirement funds prior to 59 ½ years of age. Plaintiff Hopkins' damages exceed $10,000.00.

122. Plaintiff Barbara R. Houston is a 53 year old female who was employed by Bell South for approximately 33 years, ultimately as a frame attendant. She has completed high school. Her salary before she retired was approximately $38,000.00. In September 2001, based on advice she received from Defendants Sweitzer and Muller, Plaintiff Houston retired and placed approximately $222,000.00 of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which she could begin withdrawals from her retirement funds prior to 59 ½ years of age. Plaintiff Houston was forced to return to work at Kohls Department Store as a jewelry clerk at a lower salary without employee benefits. She has had to pay tax penalties for withdrawal of retirement funds while returning to work. Plaintiff Houston's damages exceed $10,000.00.

123. Plaintiff Cora L. Hudson is a 55 year old female who was employed by Bell South for approximately 30 years, ultimately as a Facility Assignment Specialist. She has completed high school. Her salary before she retired was approximately $42,876.00. In March 2001, based on advice she received from Defendants Sweitzer and Muller, Plaintiff Hudson retired and placed approximately $187,000.00 of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which she could begin withdrawals from her retirement funds prior to 59 ½ years of age. Plaintiff Hudson was forced to return to work at The American Red Cross at a lower salary and without employee benefits. She has also had to pay tax penalties for withdrawal of retirement funds while returning to work. Plaintiff Hudson's damages exceed $10,000.00.

124. Plaintiff Mary L. Huntley is a 52 year old female who was employed by Bell South for approximately 30.5 years, ultimately as a Maintenance Administrator. She has completed high school. Her salary before she retired was approximately $38,000.00. In April 2000, based on advice she received from Defendants Sweitzer and Muller, Plaintiff Huntley retired and placed approximately $285,000.00 of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which she could begin withdrawals from her retirement funds prior to 59 ½ years of age. Plaintiff Huntley was forced to return to work at a lower salary without employee benefits, and has had to pay tax penalties for withdrawal of retirement funds early while returning to work. Plaintiff Huntley's damages exceed $10,000.00.

18

125.   Plaintiff Vivian B. Reichart is a 62 year old female who was employed by Bell South for approximately 30 years, ultimately as a service consultant. She has completed college. Her salary before she retired was approximately $56,000.00. In September 2000, based on advice she received from Defendants Sweitzer and Muller, Plaintiff Reichart retired and placed approximately $316,000.00 of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that she would receive a sufficiently generous return on her investments enabling her to retire and not work. Plaintiff Reichart has been forced to seek new employment. Plaintiff Reichart's damages exceed $10,000.00.

126.   Plaintiff Lavonne M. Thompson is a 57 year old female who was employed by Bell South for approximately 26 years, ultimately as a network manager. She has completed high school. Her salary before she retired was approximately $70,000.00. In July 2000, based on advice she received from Defendants Sweitzer and Muller, Plaintiff Thompson retired and placed approximately $494,255.83 of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T for which she could begin withdrawals from her retirement funds prior to 59 ½ years of age. Plaintiff Thompson was forced to return to work at the Firestone Wesleyan Church as an office secretary, a position which has a lower salary without employee benefits. Plaintiff Thompson's damages exceed $10,000.00.

127.   Plaintiff Alvin Lewis Underdown is a 57 year old male who was employed by Bell South for approximately 32 years, ultimately as a testing technician. He has completed high school and one year of college. His salary before he retired was approximately $48,000.00. Plaintiff is single and is the sole support for his 13 year old nephew. In August 2000, based on advice he received from Defendants Sweitzer and Muller, Plaintiff Lewis retired and placed approximately $240,000.00 of his retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that he would receive a sufficiently generous return on his investments enabling him to take advantage of a tax planning device for early retirement designated 72T from which he could begin withdrawals from his retirement funds prior to 59 ½ years of age. Plaintiff Underdown's damages exceed $10,000.00.

128.   Plaintiff Marion C. Alexander is a 50 year old female who was employed by Bell South for approximately 30 years, ultimately as a maintenance administrator. She has completed high school. Her salary before she retired was approximately $38,000.00. In March 2001, based on advice she received from Defendants Sweitzer and Muller, Plaintiff Alexander retired and placed approximately $220,000.00 of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which she could begin withdrawals from her retirement funds prior to 59 ½ years of age. Plaintiff Alexander has been forced to come out of retirement but has not yet found a job despite her best efforts. Plaintiff Alexander's damages exceed $10,000.00.

129.   Plaintiff Kaye Gamble Falls is a 57 year old female who was employed by Bell South for

19

approximately 30 years, ultimately as a drafting assistant. She has completed high school. Her salary before she retired was approximately $35,000.00. Plaintiff Albert H. Falls is 56 year old spouse of Kaye Gamble Falls. In June 2000, based on advice she received from Defendants Sweitzer and Muller, Plaintiff Falls retired and placed approximately $280,000.00 of her retirement funds from Bell South with the Defendants. At the same time, based on advice he received from Defendants, Mr. Falls placed approximately $933,000 with the Defendants and also retired from his job at G.E. Medical Systems. Defendants advised Plaintiffs that they would receive a sufficiently generous return on their investments enabling them to take advantage of a tax planning device for early retirement, designated 72T, from which they could begin withdrawals from their retirement funds prior to 59 ½ years of age. Plaintiff Kaye Falls was forced to return to work at a QC Data as a technician, a position at a lower salary without employee benefits, and has had to pay tax penalties for withdrawal of retirement funds early while returning to work. Plaintiff Falls' damages exceed $10,000.00 each.

130.  Plaintiff Nancy B. Fox is a 61 year old female who was employed by Bell South for over 30 years. She has completed high school. Her salary before she retired was approximately $38,000.00. In April 2000, based on advice she received from Defendants Sweitzer and Muller, Plaintiff Fox retired and placed approximately $290,000.00 of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that she would receive a sufficiently generous return on her investments enabling her to retire without having to work. Plaintiff Fox has been forced to look for employment at positions at a lower salary without employee benefits. Plaintiff Fox's damages exceed $10,000.00.

131.  Plaintiff William Alonzo Ghent is a 59 year old male who was employed by Bell South for approximately 30 years, ultimately as a manager of craft employees in repair and installation. He has an associate degree and has attended two years of college. His salary before he retired was approximately $56,000.00 In August 2000, based on advice he received from Defendants Sweitzer and Muller, Plaintiff Ghent retired and placed approximately $345,000.00 of his retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that he would receive a sufficiently generous return on his investments enabling him to take retirement. Defendants advised Plaintiff to take some of his IRA funds and pay off current bills since the income he would be receiving would be sufficient to meet his needs in retirement. Plaintiff Ghent was forced to return to work as a contract employee at a position at a lower salary without similar employee benefits. Plaintiff Ghent's damages exceed $10,000.00.

132.  Plaintiff Betty B. Gilbert is a 59 year old female who was employed by Bell South for approximately 39 years, ultimately as a testing technician. She has completed high school. Her salary before she retired was approximately $35,000.00. In March 1999, based on advice she received from Defendants Sweitzer and Muller, Plaintiff Gilbert retired and placed approximately $180,000.00 of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which she could begin withdrawals from her retirement

funds prior to 59 ½ years of age. Plaintiff Gilbert has damages exceeding $10,000.00.

133. Plaintiff J. W. Kaylor is a 61 year old male who was employed by Bell South for approximately 35 years, ultimately as a Testing Technician isolating and helping to repair problems on complex voice and data business lines. He has completed high school. His salary before he retired was approximately $ 47,500.00. In August 2000, based on advice he received from Defendants Sweitzer and Muller, Plaintiff Kaylor retired and placed approximately $272,714.00 of his retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that he would receive a sufficiently generous return on his investments enabling him to take advantage of a tax planning device for early retirement designated 72T from which he could begin withdrawals from his retirement funds prior to 59 ½ years of age. Plaintiff Kaylor remains unemployed despite his best efforts and is thus without employee benefits. He has had to pay tax penalties for withdrawal of retirement funds while searching for work. Plaintiff Kaylor's damages exceed $10,000.00.

134. Plaintiff Janice B. Carter is a 52 year old female who was employed by Bell South for approximately 30 years, ultimately as a Service Consultant. She has completed high school. Her salary before she retired was approximately $57,000.00. In March 2000, based on advice she received from Defendants Sweitzer and Muller, Plaintiff Carter retired and placed approximately $308,000.00 of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which she could begin withdrawals from her retirement funds prior to 59 ½ years of age. Plaintiff Carter was forced to return to work at ProSoft as a trainer at a lower salary without employee benefits. She has also had to pay tax penalties for withdrawal of retirement funds while returning to work. Plaintiff Carter's damages exceed $10,000.00.

135. Plaintiff Linda B. Chitwood is a 54 ½ year old female who was employed by Bell South for approximately 34.5 years, ultimately as a Provision Specialist. She has completed high school. Her salary before she retired was approximately $35,000.00. In March 2000, based on advice she received from Defendant Sweitzer, Plaintiff Chitwood retired and placed approximately $425,500.00 of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which she could begin withdrawals from her retirement funds prior to 59 ½ years of age. Plaintiff Chitwood was forced to return to work in a sales position at a lower salary without employee benefits. She has also had to pay tax penalties for withdrawal of retirement funds while returning to work. Plaintiff Chitwood's damages exceed $10,000.00.

136. Plaintiff Carolyn B. Evans is a 54 year old female who was employed by Bell South for approximately 31 years, ultimately as a Maintenance Administrator. She has completed high school. Her salary before she retired was approximately $35,000.00. In March 2000, based on advice she received from Defendants Sweitzer and Muller, Plaintiff Evans retired and placed approximately $244,000.00 of her retirement funds from Bell South with the

21

Defendants. Defendants advised Plaintiff that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which she could begin withdrawals from her retirement funds prior to 59 ½ years of age. Plaintiff Evans remains unemployed and without employee benefits, despite her best efforts, and has incurred tax penalties for withdrawal of retirement funds. Plaintiff Evan's damages exceed $10,000.00.

137. Plaintiff Waldene C. Berry is a 71 year old female who was employed by Bell South for approximately 51 years, ultimately as a Test Technician. She has completed high school. Her salary before she retired was approximately $40,000.00. In February 2000, based on advice she received from Defendants Sweitzer and Muller, Plaintiff Berry retired and placed approximately $374,000.00 of her retirement funds from Bell South with the Defendants. Plaintiff Berry is now collecting social security and remains unemployed and without benefits. Plaintiff Berry's damages exceed $10,000.00.

138. Plaintiff Elaine D. Black is a 51 year old female who was employed by Bell South for approximately 30 years, ultimately as a Drafting Clerk. She has completed high school. Her salary before she retired was approximately $34,000.00. In March 2001, based on advice she received from Defendants Sweitzer and Muller, she placed approximately $81,000.00 of her retirement funds from Bell South with the Defendants. Then, in April, 2001, based on advice she received from Defendants Sweitzer and Muller, Plaintiff Black retired and placed approximately $219,000.00 more of her retirement funds from Bell South with the Defendants, for a total placed with Defendants of approximately $300,000.00. Defendants advised Plaintiff that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which she could begin withdrawals from her retirement funds prior to 59 ½ years of age. Plaintiff Elaine Black remains unemployed and thus without employee benefits, and has had to pay tax penalties for withdrawal of retirement funds early while returning to work.

139. Plaintiff Brenda Y. Burgin is a 58 year old female who was employed by Bell South for approximately 30.5 years, ultimately as a Test Technician. She has completed high school and one year of college. Her salary before she retired was approximately $52,000.00. In February 2001, based on advice she received from Defendants Sweitzer and Muller, Plaintiff Burgin retired and placed approximately $290,000.00 of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which she could begin withdrawals from her retirement funds prior to 59 ½ years of age. Plaintiff Burgin remains unemployed despite her best efforts, and thus without employee benefits. She has also had to pay tax penalties for withdrawal of retirement funds. Plaintiff Burgin's damages exceed $10,000.00.

140. Plaintiff Myra G. Graham is a 47 year old female who was employed by Bell South for approximately 30 years, ultimately as a Test Technician. She has completed high school and two years of college. Her salary before she retired was approximately $52,000.00. In July 2001, based on advice she received from Defendants Sweitzer and Muller, Plaintiff Graham

retired and placed approximately $270,000.00 of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which she could begin withdrawals from her retirement funds prior to 59 ½ years of age. Plaintiff Graham remains unemployed and thus without employee benefits, and has had to pay tax penalties for withdrawal of retirement funds early. Plaintiff Graham's damages exceed $10,000.00.

141. Plaintiff Linda D. Griffin is a 55 year old female who was employed by Bell South for approximately 36 years, ultimately as a Service Consultant. She has completed high school. Her salary before she retired was approximately $58,000.00. In June 2000, based on advice she received from Defendants Sweitzer and Muller, Plaintiff Griffin retired and placed approximately $397,000.00 of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which she could begin withdrawals from her retirement funds prior to 59 ½ years of age. Plaintiff Griffin was forced to return to work at Bell South as a Customer Service Associate position at a lower salary without employee benefits. Plaintiff Griffin's damages exceed $10,000.00.

142. Plaintiff Dennis R. Hamrick is a 55 year old male who was employed by Bell South for approximately 33 years, ultimately as a Electronic Technician. He has completed high school. His salary before he retired was approximately $52,000.00. In January 2000, based on advice he received from Defendants Sweitzer and Muller, Plaintiff Hamrick retired, and in March, 2000, he placed approximately $429,000.00 of his retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that he would receive a sufficiently generous return on his investments enabling him to take advantage of a tax planning device for early retirement designated 72T from which he could begin withdrawals from his retirement funds prior to 59 ½ years of age. Plaintiff Hamrick was forced to take a position as an emergency medical technician at a lower salary, and has incurred tax penalties for withdrawal of retirement funds early while searching for work. Plaintiff Hamrick's damages exceed $10,000.00.

143. Plaintiff Faye J. Ertzberger is a 53 year old female who was employed by Bell South for approximately 32 years, ultimately as a Customer Service Associate. She has completed high school. Her salary before she retired was approximately $43,000.00. In July 2000, based on advice she received from Defendants Sweitzer and Muller, she retired and placed approximately $245,000.00 of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which she could begin withdrawals from her retirement funds prior to 59 ½ years of age. Plaintiff Ertzberger was forced to return to work in a temporary contract position at a lower salary without employee benefits. She may have to pay tax penalties for withdrawal of retirement funds while returning to work. Plaintiff Ertzberger's damages exceed $10,000.00.

23

144. Plaintiff Johnny L. Patterson is a 52 year old male who was employed by Bell South for approximately 32 years, ultimately as a toll testing technician. He has completed high school. His salary before he retired was approximately $49,000.00. In July 2000, based on the advice he received from Defendants Sweitzer and Muller, Plaintiff Patterson retired and placed approximately $315,000.00 of his retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that he would receive a sufficiently generous return on his investments enabling him to take advantage of a tax planning device for early retirement designated 72T from which he could begin withdrawals from his retirement funds prior to 59 ½ years of age. Plaintiff Patterson was forced to return to work as a systems specialist technician and had to pay tax penalties for withdrawal of retirement funds early while returning to work. Plaintiff Patterson's damages exceed $10,000.00.

145. Plaintiff Brenda Perry is a 57 year old female who was employed by Bell South for approximately 34 years, ultimately as a Testing Technician. She has completed college with a degree in accounting. Her salary before she retired was approximately $43,000.00. In April 1998, based on advice she received from Defendants Sweitzer and Muller, Plaintiff Perry retired and placed approximately $120,000.00 of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which she could begin withdrawals from her retirement funds prior to 59 ½ years of age. Plaintiff Brenda Perry was forced to return to as an accountant assistant with Emily Sneed, CPA at a lower salary and without employee benefits. She has also had to pay tax penalties for withdrawal of retirement funds early while returning to work. Plaintiff Perry's damages exceed $10,000.00.

146. Plaintiff Delosie P. Walker is a 51 year old female who was employed by Bell South for approximately 30 years, ultimately as a Testing Technician. She has completed high school. Her salary before she retired was approximately $60,000.00. In February 2000, based on advice she received from Defendants Sweitzer and Muller, Plaintiff Walker retired and placed approximately $260,000. of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which she could begin withdrawals from her retirement funds prior to 59 ½ years of age. Plaintiff Walker was forced to look for work and depend on relatives for living assistance. Plaintiff Walker damages exceed $10,000.00.

147. Plaintiff Judith S. Lytle is a 51 year old female who was employed by Bell South for approximately 32 years, ultimately as a service consultant. She has completed high school. Her salary before she retired was approximately $50,000.00. In July 2000, based on the advice she received from representatives of Defendant Salomon, Plaintiff Lytle retired and placed approximately $321,000.00 of her retirement funds from Bell South with the Defendants. Plaintiff was advised that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which she could begin withdrawals from her retirement funds prior to

24

59 ½ years of age. Plaintiff Lytle was forced to return to work in a contract position at a lower salary and without employee benefits. She has also had to pay tax penalties for withdrawal of retirement funds early while returning to work. Plaintiff Lytle's damages exceed $10,000.00.

148. Plaintiff Allie Grant is a 57 year old female who was employed by Bell South for approximately 31 years, ultimately as a maintenance administrator. She completed high school, and attended some college. Plaintiff Grant's salary before she retired was approximately $49,500.00. In July 2000, based on the advice she received from Defendants Sweitzer and Muller, Plaintiff Grant retired and placed approximately $185,000.00 of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which she could begin withdraws from her retirement funds prior to 59 ½ years of age. Plaintiff Grant was forced to return to work as a part-time office assistant at the office of the Mecklenburg County Sheriff, and had to pay tax penalties for withdrawal of retirement funds early while returning to work. Plaintiff Grant's damages exceed $10,000.00.

149. Plaintiff Lucinda B. Gardin is a 53 year old female who was employed by Bell South for approximately 37 years, ultimately as an administrator and multi-operator. She has completed some college. Plaintiff Gardin's salary before she retired was approximately $40,000.00. In January 2000, based on the advice she received from Defendants Sweitzer and Muller, Plaintiff Gardin retired and placed approximately $110,000.00 of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which she could begin withdraws from her retirement funds prior to 59 ½ years of age. Plaintiff Gardin was forced to return to work as an insurance agent, and had to pay tax penalties for withdrawal of retirement funds early while returning to work. Plaintiff Gardin's damages exceed $10,000.00.

150. Plaintiff Vera P. Clifton is a 53 year old female who was employed by Bell South for approximately 32 years, ultimately as a maintenance administrator. She has completed high school. Plaintiff Clifton's salary before she retired was approximately $42,500.00. In July 2000, based on the advice she received from Defendants Sweitzer and Muller, Plaintiff Clifton retired and placed approximately $183,000.00 of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which she could begin withdraws from her retirement funds prior to 59 ½ years of age. Plaintiff Clifton was forced to return to work as cafeteria employee in the Charlotte, Mecklenburg County schools, and had to pay tax penalties for withdrawal of retirement funds early while returning to work. Plaintiff Gardin's damages exceed $10,000.00.

151. Plaintiff Deborah Davis is a 53 year old female who was employed by Bell South for

25

approximately 31 years, ultimately as a maintenance administrator. She has completed high school. Plaintiff Davis's salary before she retired was approximately $38,800.00. In April 2000, based on the advice she received from Defendants Sweitzer and Muller, Plaintiff Davis retired and placed approximately $225,000.00 of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which she could begin withdraws from her retirement funds prior to 59 ½ years of age. Plaintiff Davis was forced to return to work as a temporary for a temporary employment service at a lower salary without employee benefits, and has had to pay tax penalties for withdrawal of retirement funds early while returning to work. Plaintiff Davis's damages exceed $10,000.00.

152. Plaintiff Kathryn White is a 53 year old female who was employed by Bell South for approximately 31 years, ultimately as a Maintenance Administrator. She has completed high school. Plaintiff White's salary before she retired was approximately $35,000.00. In February 2000, based on the advice she received from Defendants Sweitzer and Muller, Plaintiff White retired and placed approximately $372,000.00 of her retirement funds from Bell South with the Defendants. Defendants advised Plaintiff that she would receive a sufficiently generous return on her investments enabling her to take advantage of a tax planning device for early retirement designated 72T from which she could begin withdraws from her retirement funds prior to 59 ½ years of age. Plaintiff White was forced to return to work as a clerk at a lower salary without employee benefits, and has had to pay tax penalties for withdrawal of retirement funds early while returning to work. Plaintiff White's damages exceed $10,000.00.

153. Plaintiffs McPhatter, Schoenthal and Smith, are suitable Class representatives for the named Plaintiffs and other members of the Class who are not named herein.

## COUNT 1
### (Breach of Fiduciary Duty)

154. The allegations in paragraph 1 through 153 of the Complaint are realleged and incorporated herein as if set out *in extenso.*

155. A relationship of trust and confidence existed between the Defendants and the Plaintiff Class members.

156. As financial consultants to Plaintiff Class members, Defendants presumptively occupy a special relationship of trust and confidence, and were fiduciaries with respect to the Plaintiff Class members. As fiduciaries, Defendants owed the duty to act in good faith and with due regard for the interest of each Plaintiff Class member.

157. Defendants used their position of trust and confidence to bring about the transfer of retirement funds to investments accounts held by the Defendants to the detriment of the

26

Plaintiff Class members.

158. The Defendants breached the duties of trust and confidence owed to Plaintiff Class members by, *inter alia*, improperly inducing Plaintiff Class Members to retire based upon unlikely projections of growth and income. Said breaches of fiduciary duties were to the detriment of Plaintiff Class members, and worked to the benefit of Defendants.

159. Said breach of fiduciary duties is a proximate and legal cause of damages suffered by Plaintiff Class members, and Plaintiffs are entitled to recover all such damages, including special damages, from Defendants in this action in a sum in excess of $10,000.00.

## COUNT II
### (Negligence)

160. The allegations in paragraph 1 through 159 of the Complaint are realleged and incorporated herein as if set out *in extenso*.

161. As financial consultants, the Defendants owed a duty to exercise reasonable care and competence in obtaining or communicating information to Plaintiff Class members making their retirement decisions since the Defendants knew Plaintiffs would rely on such information, or intended to rely on the information supplied.

162. During the course of their business as financial consultants to Plaintiff Class members, Defendants were negligent and breached their duty of care by, *inter alia*, communicating inaccurate, incomplete or erroneous information to Plaintiffs concerning the consequences of retirement and the feasibility of early retirement from secure positions of employment, and failed to meet the standards of reasonable care required of financial consultants.

163. As a proximate and legal cause of the negligence of the Defendants, Plaintiff Class members have suffered damages which they are entitled to recover from Defendants in this action in an amount in excess of $10,000.00.

## COUNT III
### (Negligent Misrepresentation)

164. The allegations in paragraph 1 through 163 of the Complaint are realleged and incorporated herein as if set out *in extenso*.

165. As financial consultants the Defendants owed a duty to exercise reasonable care and competence in obtaining or communicating information to Plaintiff Class members making their retirement decisions since the Defendants knew Plaintiffs would rely on such information, or intended to rely on the information supplied.

166. During the course of their business as financial consultants, Defendants supplied information to Plaintiff Class members and knew that Plaintiff Class members would rely on that

27

information for guidance and benefit in connection with their retirement from Bell South and the management of their retirement accounts.

167. During the course of their solicitation of retirement funds from the Plaintiff class, a transaction in which the Defendants had an interest, the Defendants supplied information to the Plaintiff Class members.

168. The information supplied by the Defendants to the Plaintiff Class members was supplied so that the Plaintiff class would rely on that information for guidance or benefit in making decisions regarding their retirement funds.

169. Defendants failed to exercise the reasonable care and confidence required of financial consultants in communicating to Plaintiff Class members the information.

170. Plaintiff Class members in fact relied upon such false and inaccurate information supplied by Defendants, and their reliance was justifiable.

171. Said reliance caused Plaintiff Class members to incur financial damage, which would not have been incurred but for the conduct of Defendants.

172. As a proximate and legal cause of the negligent misrepresentations by Defendants and reliance by the Class, Plaintiff Class members have suffered damages which they are entitled to recover from Defendants in this action in an amount in excess of $10,000.00.

## COUNT IV
### (Breach of Contract)

173. The allegations in paragraph 1 through 172 of the Complaint are realleged and incorporated herein as if set out *in extenso*.

174. Plaintiff Class members contracted with Defendants to serve as financial consultants to them, and to obtain for Plaintiff Class members rates of income as agreed upon between the parties.

175. Defendants breached their contracts with Plaintiff Class members.

176. Said breach was a proximate and legal cause of damages incurred by the Class, and Plaintiff Class members are entitled to recover all such damages from Defendants in this action in an amount in excess of $10,000.00.

## COUNT V
### (Aggravated Breach of Contract)

177. The allegations in paragraph 1 through 176 of the Complaint are realleged and incorporated herein as if set out *in extenso*.

28

178. Plaintiff Class members contracted with Defendants to serve as financial consultants to Plaintiffs and to obtain for the Plaintiffs rates of growth and income as agreed upon between the parties. As financial consultants to the Class members, Defendants were required to place them into investments which would yield the returns agreed to at the time Plaintiffs placed their retirement funds with the Defendants.

179. Defendants breached their contracts with Plaintiff Class members.

180. The breach of contract by the Defendants was aggravated and outrageous with reckless disregard of the consequences to the Plaintiff Class members.

181. Said breach was the proximate and legal cause of damages incurred by the Class, and the Plaintiff Class members are entitled to recover all such damages from Defendants in this action in an amount in excess of $10,000.00.

182. The aggravated and outrageous breach of contract by Defendants further entitles Plaintiff Class members to recover punitive damages in accordance with North Carolina law, and Plaintiff Class members are entitled to recover all such punitive damages from Defendants in this action.

## COUNT VI
### (Equitable Estoppel)

183. The allegations in paragraph 1 through 182 of the Complaint are realleged and incorporated herein as if set out *in extensor*.

184. In making statements to Plaintiff Class members regarding returns which could be earned on their retirement funds, Defendants misstated information.

185. In making said statements, Defendants expected Plaintiff Class members to rely upon said statements.

186. Plaintiff Class members lacked knowledge as to the truth of Defendants statements and, in fact, relied upon said statements by engaging Defendants as financial consultants and following their advice concerning retirement.

187. Said reliance by Plaintiff Class members was to their detriment, and was the proximate and legal cause of damages suffered by the Class, and which Plaintiff Class members are entitled to recover from Defendants in this action in an amount in excess of $10,000.00.

## COUNT VII
### (Unfair and Deceptive Practices)

188. The allegations in paragraph 1 through 187 of the Complaint are realleged and incorporated

29

herein as if set out *in extenso.*

189. The acts, omissions and representations made by Defendants to Plaintiff Class members were unfair or deceptive acts and practices, and constituted an unfair method of competition.

190. Said acts and omissions were in or affecting commerce within the meaning of N.C.G.S. § 75-1.1 et. seq.

191. Said unfair and deceptive acts and practices were the proximate and legal cause of damages suffered by the Class, and Plaintiff Class members are entitled to recover all such damages from Defendants in this action in an amount in excess of $10,000.00, plus trebling and attorneys fees as allowed by N.C.G.S. § 75-16.1.

## COUNT VIII
### (Violation of N.C.G.S. § 75D-1 et. seq.)

192. The allegations in paragraph 1 through 191 of the Complaint are realleged and incorporated herein as if set out *in extenso.*

193. The actions of Defendants complained of herein constitute racketeering activity within the meaning of N.C.G.S. § 75D-1 et. seq. In particular, the Defendants violated provisions of federal and/or North Carolina law that comprise predicate acts in violation of N.C.G.S. § 75D-4, including, without limitation N.C.G.S. § 14-100.

194. Through said actions, Defendants acquired control and interest in the retirement funds of Plaintiff Class members.

195. As a result of said acts of racketeering activity, Plaintiff Class members have been damaged, and are entitled to recover all such damages from Defendants in this action in an amount in excess of $10,000.00, plus treble damages and reasonable attorneys fees as allowed by law.

Wherefore the Plaintiff Class prays the Court:

1. That the Court certify this as a class action and certify the Class as described herein;

2. That the Plaintiff Class members have and recover against Defendants, jointly and severally, compensatory damages in an amount in excess of $10,000.00;

3. That the Plaintiff Class members have and recover punitive damages of the Defendants in an amount in excess of $10,000.00;

4. That the Plaintiff Class members be awarded a reasonable attorney's fees;

5. That Plaintiff Class members compensatory damages be trebled;

30

6.    That interest and cost of this action be taxed to the Defendants; and

7.    For such other and further relief which the Court deems just and proper.

8.    A JURY TRIAL IS HEREBY DEMANDED ON ALL ISSUES.

This the 10th day of February, 2003.

_____
Robert N. Hunter
Attorney for Plaintiff Class members
N.C. State Bar No.: 5679

_____
Robert G. McIver
Attorney for Plaintiff Class members
N.C. State Bar No.: 13310

OF COUNSEL:

**HUNTER, HIGGINS, MILES, ELAM & BENJAMIN, PLLC**
101 West Friendly Avenue, Suite 500
Greensboro, North Carolina 27401
Telephone:    (336) 273-1600
Facsimile:    (336) 274-4650

OF COUNSEL:

**TRACY PRIDE STONEMAN, P.C.**
301 Snowcrest
Westcliffe, CO 81252
Telephone:    (719) 783-0303
Facsimile:    (214) 853-9300

# SMITH BARNEY

### Southpark

# Planning Your
# Financial Future

## Options & Strategies

# Bell South

## Bell South Plaza
## November 6, 1995

*Presented By*

**Jeffrey L. Sweitzer**
**Financial Consultant**
**Vice President**
**704-364-0070/800-632-3065**

Smith Barney
Member SIPC



EXHIBIT

A

**1. Client Profile**

# Mrs. BellSouth - No Monthly

| | |
|---|---|
| **Date** | **2000** |
| **Age** | **53** |

The information set forth was obtained from sources we believe reliable, but we cannot guarantee its accuracy. Neither the information nor any opinion expressed constitutes a solicitation by use of the purchase or sale of any securities.

**2. Asset Profile**

SALOMON SMITH BARNEY  A member of citigroup

| | |
|---|---|
| **Asset Value** | **$300,000** |
| **Asset Growth Rate** | **12%** |
| **Income Yield** | **9.0%** |
| **Tax Bracket** | **20%** |

**3. Income Distribution Analysis**

| Age | Date | Asset Value | Earnings | Payout | Net Income | Net/Month |
|---|---|---|---|---|---|---|
| 53 | 2000 | **$300,000** | $36,000 | $0 | **$0** | $0 |
| 54 | 2001 | **$336,000** | $40,320 | $0 | **$0** | $0 |
| 55 | 2002 | **$376,320** | $45,158 | $0 | **$0** | $0 |
| 56 | 2003 | **$421,478** | $50,577 | $0 | **$0** | $0 |
| 57 | 2004 | **$472,056** | $56,647 | $0 | **$0** | $0 |
| 58 | 2005 | **$528,703** | $63,444 | $0 | **$0** | $0 |
| 59 | 2006 | **$592,147** | $71,058 | $0 | **$0** | $0 |
| 60 | 2007 | **$663,204** | $79,585 | $59,688 | **$47,751** | $3,979 |
| 61 | 2008 | **$683,101** | $81,972 | $61,479 | **$49,183** | $4,099 |
| 62 | 2009 | **$703,594** | $84,431 | $63,323 | **$50,659** | $4,222 |
| 63 | 2010 | **$724,701** | $86,964 | $65,223 | **$52,178** | $4,348 |
| 64 | 2011 | **$746,442** | $89,573 | $67,180 | **$53,744** | $4,479 |
| 65 | 2012 | **$768,836** | $92,260 | $69,195 | **$55,356** | $4,613 |
| 66 | 2013 | **$791,901** | $95,028 | $71,271 | **$57,017** | $4,751 |
| 67 | 2014 | **$815,658** | $97,879 | $73,409 | **$58,727** | $4,894 |
| 68 | 2015 | **$840,128** | $100,815 | $75,611 | **$60,489** | $5,041 |
| 69 | 2016 | **$865,331** | $103,840 | $77,880 | **$62,304** | $5,192 |
| 70 | 2017 | **$891,291** | $106,955 | $80,216 | **$64,173** | $5,348 |
| 71 | 2018 | **$918,030** | $110,164 | $82,623 | **$66,098** | $5,508 |
| 72 | 2019 | **$945,571** | $113,469 | $85,101 | **$68,081** | $5,673 |
| 73 | 2020 | **$973,938** | $116,873 | $87,654 | **$70,124** | $5,844 |
| 74 | 2021 | **$1,003,156** | $120,379 | $90,284 | **$72,227** | $6,019 |
| 75 | 2022 | **$1,033,251** | $123,990 | $92,993 | **$74,394** | $6,200 |
| 76 | 2023 | **$1,064,248** | $127,710 | $95,782 | **$76,626** | $6,385 |
| 77 | 2024 | **$1,096,176** | $131,541 | $98,656 | **$78,925** | $6,577 |
| 78 | 2025 | **$1,129,061** | $135,487 | $101,616 | **$81,292** | $6,774 |
| 79 | 2026 | **$1,162,933** | $139,552 | $104,664 | **$83,731** | $6,978 |
| 80 | 2027 | **$1,197,821** | $143,739 | $107,804 | **$86,243** | $7,187 |
| 81 | 2028 | **$1,233,756** | $148,051 | $111,038 | **$88,830** | $7,403 |
| 82 | 2029 | **$1,270,768** | $152,492 | $114,369 | **$91,495** | $7,625 |
| 83 | 2030 | **$1,308,891** | $157,067 | $117,800 | **$94,240** | $7,853 |
| | | **Totals:** | **$3,103,019** | | **$1,643,889** | |



EXHIBIT
**B**

tabbies

**1. Client Profile**

**2. Asset Profile**

# Mr. BellSouth - Need $ Monthly

SALOMON SMITH BARNEY  A member of citigroup

| | | | |
|---|---|---|---|
| **Date** | **2000** | **Asset Value** | **$300,000** |
| **Age** | **53** | **Asset Growth Rate** | **12%** |
| | | **Income Yield** | **9.0%** |
| | | **Tax Bracket** | **20%** |

The information set forth was obtained from sources we believe reliable, but we cannot guarantee its accuracy. Neither the information nor any opinion expressed constitutes a solicitation by use of the purchase or sale of any securities.

**3. Income Distribution Analysis**

| Age | Date | Asset Value | Earnings | Payout | Net Income | Net/Month |
|---|---|---|---|---|---|---|
| 53 | 2000 | $300,000 | $36,000 | $27,000 | $21,600 | $1,800 |
| 54 | 2001 | $309,000 | $37,080 | $27,000 | $21,600 | $1,800 |
| 55 | 2002 | $319,080 | $38,290 | $27,000 | $21,600 | $1,800 |
| 56 | 2003 | $330,370 | $39,644 | $27,000 | $21,600 | $1,800 |
| 57 | 2004 | $343,014 | $41,162 | $27,000 | $21,600 | $1,800 |
| 58 | 2005 | $357,176 | $42,861 | $27,000 | $21,600 | $1,800 |
| 59 | 2006 | $373,037 | $44,764 | $27,000 | $21,600 | $1,800 |
| 60 | 2007 | $390,801 | $46,896 | $35,172 | $28,138 | $2,345 |
| 61 | 2008 | $402,525 | $48,303 | $36,227 | $28,982 | $2,415 |
| 62 | 2009 | $414,601 | $49,752 | $37,314 | $29,851 | $2,488 |
| 63 | 2010 | $427,039 | $51,245 | $38,434 | $30,747 | $2,562 |
| 64 | 2011 | $439,850 | $52,782 | $39,587 | $31,669 | $2,639 |
| 65 | 2012 | $453,046 | $54,365 | $40,774 | $32,619 | $2,718 |
| 66 | 2013 | $466,637 | $55,996 | $41,997 | $33,598 | $2,800 |
| 67 | 2014 | $480,636 | $57,676 | $43,257 | $34,606 | $2,884 |
| 68 | 2015 | $495,055 | $59,407 | $44,555 | $35,644 | $2,970 |
| 69 | 2016 | $509,907 | $61,189 | $45,892 | $36,713 | $3,059 |
| 70 | 2017 | $525,204 | $63,024 | $47,268 | $37,815 | $3,151 |
| 71 | 2018 | $540,960 | $64,915 | $48,686 | $38,949 | $3,246 |
| 72 | 2019 | $557,189 | $66,863 | $50,147 | $40,118 | $3,343 |
| 73 | 2020 | $573,905 | $68,869 | $51,651 | $41,321 | $3,443 |
| 74 | 2021 | $591,122 | $70,935 | $53,201 | $42,561 | $3,547 |
| 75 | 2022 | $608,855 | $73,063 | $54,797 | $43,838 | $3,653 |
| 76 | 2023 | $627,121 | $75,255 | $56,441 | $45,153 | $3,763 |
| 77 | 2024 | $645,935 | $77,512 | $58,134 | $46,507 | $3,876 |
| 78 | 2025 | $665,313 | $79,838 | $59,878 | $47,903 | $3,992 |
| 79 | 2026 | $685,272 | $82,233 | $61,674 | $49,340 | $4,112 |
| 80 | 2027 | $705,830 | $84,700 | $63,525 | $50,820 | $4,235 |
| 81 | 2028 | $727,005 | $87,241 | $65,430 | $52,344 | $4,362 |
| 82 | 2029 | $748,815 | $89,858 | $67,393 | $53,915 | $4,493 |
| 83 | 2030 | $771,280 | $92,554 | $69,415 | $55,532 | $4,628 |
| | **Totals:** | | **$1,894,269** | | **$1,119,881** | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **1.** **Client Profile** | | | **2.** **Asset Profile** | | | |

**Client Profile**

**Alexis Schoenthal**

| | |
|---|---|
| **Date** | **2000** |
| **Age** | **53** |

The information set forth was obtained from sources we believe reliable, but we cannot guarantee its accuracy. Neither the information nor any opinion expressed constitutes a solicitation by use of the purchase or sale of any securities.

**Asset Profile**

SALOMON SMITH BARNEY  A member of citigroup

| | |
|---|---|
| **Asset Value** | **$426,000** |
| **Asset Growth Rate** | **12%** |
| **Income Yield** | **9.0%** |
| **Tax Bracket** | **20%** |



**EXHIBIT**

**C**

### 3. Income Distribution Analysis

| Age | Date | Asset Value | Earnings | Payout | Net Income | Net/Month |
|---|---|---|---|---|---|---|
| 53 | 2000 | $426,000 | $51,120 | $0 | $0 | $0 |
| 54 | 2001 | $477,120 | $57,254 | $0 | $0 | $0 |
| 55 | 2002 | $534,374 | $64,125 | $0 | $0 | $0 |
| 56 | 2003 | $598,499 | $71,820 | $53,865 | $43,092 | $3,591 |
| 57 | 2004 | $616,454 | $73,975 | $55,481 | $44,385 | $3,699 |
| 58 | 2005 | $634,948 | $76,194 | $57,145 | $45,716 | $3,810 |
| 59 | 2006 | $653,996 | $78,480 | $58,860 | $47,088 | $3,924 |
| 60 | 2007 | $673,616 | $80,834 | $60,625 | $48,500 | $4,042 |
| 61 | 2008 | $693,825 | $83,259 | $62,444 | $49,955 | $4,163 |
| 62 | 2009 | $714,639 | $85,757 | $64,318 | $51,454 | $4,288 |
| 63 | 2010 | $736,079 | $88,329 | $66,247 | $52,998 | $4,416 |
| 64 | 2011 | $758,161 | $90,979 | $68,234 | $54,588 | $4,549 |
| 65 | 2012 | $780,906 | $93,709 | $70,282 | $56,225 | $4,685 |
| 66 | 2013 | $804,333 | $96,520 | $72,390 | $57,912 | $4,826 |
| 67 | 2014 | $828,463 | $99,416 | $74,562 | $59,649 | $4,971 |
| 68 | 2015 | $853,317 | $102,398 | $76,799 | $61,439 | $5,120 |
| 69 | 2016 | $878,916 | $105,470 | $79,102 | $63,282 | $5,273 |
| 70 | 2017 | $905,284 | $108,634 | $81,476 | $65,180 | $5,432 |
| 71 | 2018 | $932,442 | $111,893 | $83,920 | $67,136 | $5,595 |
| 72 | 2019 | $960,416 | $115,250 | $86,437 | $69,150 | $5,762 |
| 73 | 2020 | $989,228 | $118,707 | $89,031 | $71,224 | $5,935 |
| 74 | 2021 | $1,018,905 | $122,269 | $91,701 | $73,361 | $6,113 |
| 75 | 2022 | $1,049,472 | $125,937 | $94,452 | $75,562 | $6,297 |
| 76 | 2023 | $1,080,956 | $129,715 | $97,286 | $77,829 | $6,486 |
| 77 | 2024 | $1,113,385 | $133,606 | $100,205 | $80,164 | $6,680 |
| 78 | 2025 | $1,146,787 | $137,614 | $103,211 | $82,569 | $6,881 |
| 79 | 2026 | $1,181,190 | $141,743 | $106,307 | $85,046 | $7,087 |
| 80 | 2027 | $1,216,626 | $145,995 | $109,496 | $87,597 | $7,300 |
| 81 | 2028 | $1,253,125 | $150,375 | $112,781 | $90,225 | $7,519 |
| 82 | 2029 | $1,290,718 | $154,886 | $116,165 | $92,932 | $7,744 |
| 83 | 2030 | $1,329,440 | $159,533 | $119,650 | $95,720 | $7,977 |
| | **Totals:** | | **$3,255,795** | | **$1,849,977** | |

NORTH CAROLINA

GUILFORD COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
03 CVS 3555

VICTORIA T. McPHATTER, ALEXIS M.
SCHOENTHAL and HUGH Q. SMITH, on
behalf of themselves and others similarly situated,
including but not limited to: JAMES MICHAEL
McSWAIN, DEBORAH M. MICHALIC,
SHARON ALESIA MILLER, BARBARA P.
MOORE, SHIRLEY J. MOORE, JOHN DENNIS
MORGAN, BETTIE H. NOBLITT, DIANE
WILSON SHYTLE, LINDA T. SMART, CAROL
JEAN NASH SPENCER, MARY STATEN
SPEARS, THELMA L. HARDIN, MARSHA
ROLLINS McKEE, PATRICIA ANN HANNA,
REBECCA M. HOPKINS, BARBARA R.
HOUSTON, CORA L. HUDSON, MARY L.
HUNTLEY, VIVIAN B. REICHART,
LAVONNE M. THOMPSON, ALVIN LEWIS
UNDERDOWN, MARION C. ALEXANDER,
KAYE GAMBLE FALLS AND HUSBAND,
ALBERT HERMAN FALLS,  NANCY B. FOX,
WILLIAM ALONZO GHENT, BETTY B.
GILBERT, J.W. KAYLOR, JANICE B. CARTER,
LINDA B. CHITWOOD, CAROLYN B. EVANS,
WALDENE C. BERRY, ELAINE  D. BLACK,
BRENDA Y. BURGIN, MYRA G. GRAHAM,
LINDA D. GRIFFIN, DENNIS R. HAMRICK,
FAYE J. ERTZBERGER, JOHNNY C.
PATTERSON, BRENDA M. PERRY,
DELOSIE P. WALKER, JUDITH S. LYTLE,
ALLISON GRANT, LUCINDA B. GARDIN,
VERA P. CLIFTON, DEBORAH DAVIS,
KATHRYN WHITE,

      Plaintiffs,

      vs.

JEFFERY LIN SWEITZER, MATTHEW
JAMES MULLER, SR., SAMUEL BOYCE
RANKIN, RANDY MATZ, JOSEPH M.
ZENTNER, JR. and OTHER DEFENDANTS
TO BE NAMED and SALOMON, SMITH,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**PLAINTIFFS' MOTION
FOR DESIGNATION OF
EXCEPTIONAL OR COMPLEX
BUSINESS CASE**

BARNEY, INC.,                                )
                                             )
    Defendants.          )
                                             )
_____    )

    **NOW COME** Plaintiffs, Victoria T. McPhatter, et. al., through the undersigned counsel, and respectfully move that this action be designated an exceptional and/or complex business case pursuant to Rule 2.1 of the General Rules of Practice.

    In support of this motion, Plaintiffs state that this matter is a class action involving the interests of numerous parties Plaintiff. The legal and factual issues presented by this case are complex and not typical of those presented in a normal Superior Court action. This lawsuit will also involve significant and complex discovery which can best be managed as complex case. The outcome of the action may well have implications for business and industry beyond the interests of parties themselves. Further, designation of this matter as a complex case, and its trial before the North Carolina Business Court, will promote the efficient administration of justice in the courts of this state.

    WHEREFORE, Plaintiffs respectfully pray that, after due proceedings, an order be entered in this action designating this matter as an exceptional and/or complex business case, and referring it to the North Carolina Business Court for all further proceedings.

    This the 10th day of February, 2003.

                            _____
                            Robert N. Hunter
                            Attorney for Plaintiff Class members
                            N.C. State Bar No.: 5679

                            _____
                            Robert G. McIver
                            Attorney for Plaintiff Class members
                            N.C. State Bar No.: 13310

OF COUNSEL:

**HUNTER, HIGGINS, MILES, ELAM & BENJAMIN, PLLC**
101 West Friendly Avenue, Suite 500
Greensboro, North Carolina 27401
Telephone:     (336) 273-1600
Facsimile:     (336) 274-4650

OF COUNSEL:

**TRACY PRIDE STONEMAN, P.C.**
301 Snowcrest
Westcliffe, CO 81252
Telephone:     (719) 783-0303
Facsimile:     (214) 853-9300

NORTH CAROLINA

GUILFORD COUNTY

FILED IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
03 CVS 3555

VICTORIA T. McPHATTER, ALEXIS M.
SCHOENTHAL and HUGH Q. SMITH, on
behalf of themselves and others similarly situated,
including but not limited to: JAMES MICHAEL
McSWAIN, DEBORAH M. MICHALIC,
SHARON ALESIA MILLER, BARBARA P.
MOORE, SHIRLEY J. MOORE, JOHN DENNIS
MORGAN, BETTIE H. NOBLITT, DIANE
WILSON SHYTLE, LINDA T. SMART, CAROL
JEAN NASH SPENCER, MARY STATEN
SPEARS, THELMA L. HARDIN, MARSHA
ROLLINS McKEE, PATRICIA ANN HANNA,
REBECCA M. HOPKINS, BARBARA R.
HOUSTON, CORA L. HUDSON, MARY L.
HUNTLEY, VIVIAN B. REICHART,
LAVONNE M. THOMPSON, ALVIN LEWIS
UNDERDOWN, MARION C. ALEXANDER,
KAYE GAMBLE FALLS AND HUSBAND,
ALBERT HERMAN FALLS, NANCY B. FOX,
WILLIAM ALONZO GHENT, BETTY B.
GILBERT, J.W. KAYLOR, JANICE B. CARTER,
LINDA B. CHITWOOD, CAROLYN B. EVANS,
WALDENE C. BERRY, ELAINE D. BLACK,
BRENDA Y. BURGIN, MYRA G. GRAHAM,
LINDA D. GRIFFIN, DENNIS R. HAMRICK,
FAYE J. ERTZBERGER, JOHNNY C.
PATTERSON, BRENDA M. PERRY,
DELOSIE P. WALKER, JUDITH S. LYTLE,
ALLISON GRANT, LUCINDA B. GARDIN,
VERA P. CLIFTON, DEBORAH DAVIS,
KATHRYN WHITE,

    Plaintiffs,

    vs.

JEFFERY LIN SWEITZER, MATTHEW
JAMES MULLER, SR., SAMUEL BOYCE
RANKIN, RANDY MATZ, JOSEPH M.
ZENTNER, JR. and OTHER DEFENDANTS
TO BE NAMED and SALOMON, SMITH,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**AFFIDAVIT OF SERVICE**

BARNEY, INC.,                          )
                                       )
     Defendants.                     )
_____)

STATE OF NORTH CAROLINA    )
                           ) ss:
COUNTY OF GUILFORD         )

**BEFORE ME,** a Notary Public, in and for the county and state aforesaid, came and appeared Robert G. McIver who, being duly sworn, deposed and stated:

1.     My name is Robert G. McIver, I am over eighteen years of age, and am competent and capable of making this Affidavit.

2.     A Civil Summons to be Served with Order Extending Time to File Complaint and an Application and Order Extending Time to File Complaint in this action were deposited in the Post Office for mailing by certified mail, return receipt requested.

3.     It was mailed to Jeffrey L. Sweitzer, Suite 130-A, 6101 Carnegie Blvd., Charlotte, NC 28209.

4.     Process was in fact received on the 24th day of January 2003 as evidenced by the attached return receipt.

This the 10th day of February, 2003.

Robert G. McIver
N.C. State Bar No.: 13310
Attorney for Plaintiff Class members

Sworn to and subscribed before me
this 10th day of February, 2003.



_Sheri Harrington_
Notary Public

My commission expires: 11 20 2007

**OF COUNSEL:**

**HUNTER, HIGGINS, MILES, ELAM & BENJAMIN, PLLC**
101 West Friendly Avenue, Suite 500
Greensboro, North Carolina 27401
Telephone:     (336) 273-1600
Facsimile:     (336) 274-4650

**OF COUNSEL:**

**TRACY PRIDE STONEMAN, P.C.**
301 Snowcrest
Westcliffe, CO 81252
Telephone:     (719) 783-0303
Facsimile:     (214) 853-9300

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

*COMPLETE THIS SECTION ON DELIVERY*

A. Received by *(Please Print Clearly)*    B. Date of Delivery

C. Signature

X   ☐ Agent   ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

Jeffrey L. Sweitzer
Suite 130-A
6101 Carnegie Blvd.
Charlotte, NC 28209

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

2. Article Number *(Copy from service label)*

7001 2510 0004 4631 5519

PS Form 3811, July 1999          Domestic Return Receipt          102595-00-M-0952

# STATE OF NORTH CAROLINA

_____GUILFORD_____ County

File No. 03CVS3555
Film No.

In The General Court Of Justice
☐ District ☒ Superior Court Division

*Name Of Plaintiff*
VICTORIA T. McPHATTER, et al.

**VERSUS**

*Name Of Defendant(s)*
SALOMON SMITH BARNEY, INC. et al.

**CIVIL SUMMONS
TO BE SERVED WITH
ORDER EXTENDING
TIME TO FILE COMPLAINT**

G.S. 1A-1, Rule 4

TO:
*Name And Address Of Defendant 1*
Jeffrey L. Sweitzer
Suite 130-A
6101 Carnegie Blvd.
Charlotte, NC  28209

TO:
*Name And Address Of Defendant 2*

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the plaintiff's attorney within thirty (30) days after you have been served with the complaint as authorized in the attached order. You may serve your answer by delivering a copy to the plaintiff or the plaintiff's attorney or by mailing a copy to one of them at his/her last known address.

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

*Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)*
Robert N. Hunter, Jr.
Robert G. McIver
Hunter, Higgins, Miles, Elam & Benjamin
101 W. Friendly Ave., Suite 500
Greensboro, NC  27401

*Date* 1-21-03

*Time* 2.29  ☐ AM  ☒ PM

*Signature*

☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

AOC-CV-102, Rev. 3/98
© 1998 Administrative Office of the

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the Order were received and served as follows:

### DEFENDANT 1

| Date Served | Name Of Defendant |
|---|---|
|  |  |

☐ By delivering to the defendant named above a copy of this Summons and Order.

☐ By leaving a copy of this Summons and Order at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of this Summons and Order to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Service Accepted By Defendant

| Date Accepted | Signature |
|---|---|
|  |  |

☒ Other Manner Of Service (specify)

**Service obtained by Certified Mail, Return Receipt Requested**

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Name Of Defendant |
|---|---|
|  |  |

☐ By delivering to the defendant named above a copy of this Summons and Order.

☐ By leaving a copy of this Summons and Order at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of this Summons and Order to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Service Accepted By Defendant

| Date Accepted | Signature |
|---|---|
|  |  |

☐ Other Manner Of Service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Date Received | Name Of Sheriff |
|---|---|---|
| $ |  |  |
| Paid By | Date Of Return | County |
|  |  | Deputy Sheriff Making Return |

AOC-CV-102, Side Two, Rev. 3/98
© 1998 Administrative Office of the

# STATE OF NORTH CAROLINA

GUILFORD County

FILED

03 FEB 10 PM 3:55

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| | |
|---|---|
| Name Of Plaintiff<br>VICTORIA T. McPHATTER, et. al. | **DELAYED SERVICE**<br>**OF**<br>**COMPLAINT** |
| **VERSUS** | |
| Name Of Defendant<br>SALOMON SMITH BARNEY, INC., et. al. | G.S. 1A-1, Rules 3 & 4 |

| TO: | TO: |
|---|---|
| Name And Address Of Defendant 1<br>**Jeffrey L. Sweitzer**<br>Suite 130-A<br>6101 Carnegie Blvd.<br>Charlotte, NC 28209 | Name And Address Of Defendant 2 |

You are being served with a copy of the complaint in this action, the delayed filing of which was ordered when the summons was issued. You must:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or the plaintiff's attorney or by mailing a copy to one of them at his/her last known address.

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)<br>Robert N. Hunter, Jr.<br>Robert G. McIver<br>HUNTER, HIGGINS, MILES, ELAM & BENJAMIN, PLLC<br>101 W. Friendly Ave., Suite 500<br>Greensboro, NC 27401 | Date<br>2/10/03 | Time<br>3:55 | ☐ AM<br>☐ PM |
|---|---|---|---|
| | Signature<br>Robin Johnson | | |
| | ☐ Deputy CSC | ☐ Assistant CSC | ☐ Clerk Of Superior Court |

I certify that this Document and a copy of the Complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Name Of Defendant |
|---|---|
| | |

☐ By delivering to the defendant named above a copy of this Document and Complaint.

☐ By leaving a copy of this Document and Complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of this Document and Complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Service Accepted By Defendant

| Date Accepted | Signature |
|---|---|
| | |

☐ Other Manner Of Service (specify)

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Name Of Defendant |
|---|---|
| | |

☐ By delivering to the defendant named above a copy of this Document and Complaint.

☐ By leaving a copy of this Document and Complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of this Document and Complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Service Accepted By Defendant

| Date Accepted | Signature |
|---|---|
| | |

☐ Other Manner Of Service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Date Received | Name Of Sheriff |
|---|---|---|
| Paid By | Date Of Return | County |
| | | Deputy Sheriff Making Return |

AOC-CV-103, Side Two, Rev. 3/98
© 1998 Administrative Office of the

NORTH CAROLINA     FILED     IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
GUILFORD COUNTY        03 CVS 3555

|  |  |  |
|---|---|---|
| VICTORIA T. McPHATTER, ALEXIS M. SCHOENTHAL and HUGH Q. SMITH, on behalf of themselves and others similarly situated, including but not limited to: JAMES MICHAEL McSWAIN, DEBORAH M. MICHALIC, SHARON ALESIA MILLER, BARBARA P. MOORE, SHIRLEY J. MOORE, JOHN DENNIS MORGAN, BETTIE H. NOBLITT, DIANE WILSON SHYTLE, LINDA T. SMART, CAROL JEAN NASH SPENCER, MARY STATEN SPEARS, THELMA L. HARDIN, MARSHA ROLLINS McKEE, PATRICIA ANN HANNA, REBECCA M. HOPKINS, BARBARA R. HOUSTON, CORA L. HUDSON, MARY L. HUNTLEY, VIVIAN B. REICHART, LAVONNE M. THOMPSON, ALVIN LEWIS UNDERDOWN, MARION C. ALEXANDER, KAYE GAMBLE FALLS AND HUSBAND, ALBERT HERMAN FALLS, NANCY B. FOX, WILLIAM ALONZO GHENT, BETTY B. GILBERT, J.W. KAYLOR, JANICE B. CARTER, LINDA B. CHITWOOD, CAROLYN B. EVANS, WALDENE C. BERRY, ELAINE D. BLACK, BRENDA Y. BURGIN, MYRA G. GRAHAM, LINDA D. GRIFFIN, DENNIS R. HAMRICK, FAYE J. ERTZBERGER, JOHNNY C. PATTERSON, BRENDA M. PERRY, DELOSIE P. WALKER, JUDITH S. LYTLE, ALLISON GRANT, LUCINDA B. GARDIN, VERA P. CLIFTON, DEBORAH DAVIS, KATHRYN WHITE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **AFFIDAVIT OF SERVICE** |
|      Plaintiffs, | ) ) | |
|      vs. | ) ) ) | |
| JEFFERY LIN SWEITZER, MATTHEW JAMES MULLER, SR., SAMUEL BOYCE RANKIN, RANDY MATZ, JOSEPH M. ZENTNER, JR. and OTHER DEFENDANTS TO BE NAMED and SALOMON, SMITH, | ) ) ) ) ) ) | |

BARNEY, INC.,                          )
                                       )
     Defendants.                      )
_____)


STATE OF NORTH CAROLINA     )
                            ) ss:
COUNTY OF GUILFORD          )


    **BEFORE ME,** a Notary Public, in and for the county and state aforesaid, came and appeared

Robert G. McIver who, being duly sworn, deposed and stated:

    1.     My name is Robert G. McIver, I am over eighteen years of age, and am competent

and capable of making this Affidavit.

    2.     A Civil Summons to be Served with Order Extending Time to File Complaint and

an Application and Order Extending Time to File Complaint in this action were deposited in the Post

Office for mailing by certified mail, return receipt requested.

    3.     It was mailed to Matthew J. Muller, Suite 130-A, 6101 Carnegie Blvd., Charlotte,

NC 28209.

    4.     Process was in fact received on the 24th day of January 2003 as evidenced by the

attached return receipt.

    This the 10th day of February, 2003.


                                                           _Robert G. McIver_
                                   Robert G. McIver
                                   N.C. State Bar No.: 13310
                                   Attorney for Plaintiff Class members

Sworn to and subscribed before me
this 10th day of February, 2003.



_Sheri Harrington_
Notary Public

My commission expires: 1/20/2007

**OF COUNSEL:**

**HUNTER, HIGGINS, MILES, ELAM & BENJAMIN, PLLC**
101 West Friendly Avenue, Suite 500
Greensboro, North Carolina 27401
Telephone:    (336) 273-1600
Facsimile:    (336) 274-4650

**OF COUNSEL:**

**TRACY PRIDE STONEMAN, P.C.**
301 Snowcrest
Westcliffe, CO 81252
Telephone:    (719) 783-0303
Facsimile:    (214) 853-9300

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Matthew J. Muller
Suite 130-A
6101 Carnegie Blvd.
Charlotte, NC 28209

*COMPLETE THIS SECTION ON DELIVERY*

A. Received by (Please Print Clearly)    B. Date of Delivery

C. Signature

X _____    ☐ Agent
                     ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☒ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*        ☐ Yes

2. Article Number *(Copy from service label)*

7001 2510 0004 4631 5557

PS Form 3811, July 1999          Domestic Return Receipt          102595-00-M-0952

# STATE OF NORTH CAROLINA

___GUILFORD___ County

FILED

03 FEB 12 PM 2:45

In The General Court Of Justice
☐ District ☒ Superior Court Division

*Name Of Plaintiff*
VICTORIA T. McPHATTER, et al.

**VERSUS**

*Name Of Defendant(s)*
SALOMON SMITH BARNEY, INC. et al.

**CIVIL SUMMONS
TO BE SERVED WITH
ORDER EXTENDING
TIME TO FILE COMPLAINT**

G.S. 1A-1, Rule 4

**TO:**
*Name And Address Of Defendant 1*
Matthew J. Muller
Suie 130-A
6101 Carnegie Blvd.
Charlotte, NC  28209

**TO:**
*Name And Address Of Defendant 2*

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the plaintiff's attorney within thirty (30) days after you have been served with the complaint as authorized in the attached order. You may serve your answer by delivering a copy to the plaintiff or the plaintiff's attorney or by mailing a copy to one of them at his/her last known address.

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

*Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)*
Robert N. Hunter, Jr.
Robert G. McIver
Hunter, Higgins, Miles, Elam & Benjamin
101 W. Friendly Ave., Suite 500
Greensboro, NC  27401

*Date* 2-21-03   *Time* 2:34   ☐ AM ☒ PM

*Signature*

☒ *Deputy CSC*   ☐ *Assistant CSC*   ☐ *Clerk Of Superior Court*

AOC-CV-102, Rev. 3/98
© 1998 Administrative Office of the

(Over)

# STATE OF NORTH CAROLINA

File No.
03 CVS 3555
Film No.

_____ GUILFORD _____ County

FILED

03 FEB 10 PM 3:52

In The General Court Of Justice
☐ District ☒ Superior Court Division

*Name Of Plaintiff*

VICTORIA T. McPHATTER, et. al.

**VERSUS**

*Name Of Defendant*

SALOMON SMITH BARNEY, INC., et. al.

**DELAYED SERVICE
OF
COMPLAINT**

G.S. 1A-1, Rules 3 & 4

| TO: | TO: |
|---|---|
| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
| Matthew J. Muller<br>Suite 130-A<br>6101 Carnegie Blvd.<br>Charlotte, NC 28209 | |

You are being served with a copy of the complaint in this action, the delayed filing of which was ordered when the summons was issued. You must:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or the plaintiff's attorney or by mailing a copy to one of them at his/her last known address.

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)* | Date 2/10/03 | Time 3:52 | ☐ AM ☒ PM |
|---|---|---|---|
| Robert N. Hunter, Jr.<br>Robert G. McIver<br>HUNTER, HIGGINS, MILES, ELAM & BENJAMIN, PLLC<br>101 W. Friendly Ave., Suite 500<br>Greensboro, NC 27401 | Signature | | |
| | ☒ Deputy CSC | ☐ Assistant CSC | ☐ Clerk Of Superior Court |

NORTH CAROLINA

GUILFORD COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
03 CVS 3555

VICTORIA T. McPHATTER, ALEXIS M. )
SCHOENTHAL and HUGH Q. SMITH, on )
behalf of themselves and others similarly situated, )
including but not limited to: JAMES MICHAEL )
McSWAIN, DEBORAH M. MICHALIC, )
SHARON ALESIA MILLER, BARBARA P. )
MOORE, SHIRLEY J. MOORE, JOHN DENNIS )
MORGAN, BETTIE H. NOBLITT, DIANE )
WILSON SHYTLE, LINDA T. SMART, CAROL )
JEAN NASH SPENCER, MARY STATEN )
SPEARS, THELMA L. HARDIN, MARSHA )
ROLLINS McKEE, PATRICIA ANN HANNA, )
REBECCA M. HOPKINS, BARBARA R. )
HOUSTON, CORA L. HUDSON, MARY L. )
HUNTLEY, VIVIAN B. REICHART, )
LAVONNE M. THOMPSON, ALVIN LEWIS )
UNDERDOWN, MARION C. ALEXANDER, )
KAYE GAMBLE FALLS AND HUSBAND, )
ALBERT HERMAN FALLS, NANCY B. FOX, )
WILLIAM ALONZO GHENT, BETTY B. )
GILBERT, J.W. KAYLOR, JANICE B. CARTER, )
LINDA B. CHITWOOD, CAROLYN B. EVANS, )
WALDENE C. BERRY, ELAINE D. BLACK, )
BRENDA Y. BURGIN, MYRA G. GRAHAM, )
LINDA D. GRIFFIN, DENNIS R. HAMRICK, )
FAYE J. ERTZBERGER, JOHNNY C. )
PATTERSON, BRENDA M. PERRY, )
DELOSIE P. WALKER, JUDITH S. LYTLE, )
ALLISON GRANT, LUCINDA B. GARDIN, )
VERA P. CLIFTON, DEBORAH DAVIS, )
KATHRYN WHITE, )
)
        Plaintiffs, )
)
    vs. )
)
JEFFERY LIN SWEITZER, MATTHEW )
JAMES MULLER, SR., SAMUEL BOYCE )
RANKIN, RANDY MATZ, JOSEPH M. )
ZENTNER, JR. and OTHER DEFENDANTS )
TO BE NAMED and SALOMON, SMITH, )

**AFFIDAVIT OF SERVICE**

BARNEY, INC., )
)
     Defendants. )
_____)

STATE OF NORTH CAROLINA )
) ss:
COUNTY OF GUILFORD )

**BEFORE ME,** a Notary Public, in and for the county and state aforesaid, came and appeared

Robert G. McIver who, being duly sworn, deposed and stated:

    1.     My name is Robert G. McIver, I am over eighteen years of age, and am competent

and capable of making this Affidavit.

    2.     A Civil Summons to be Served with Order Extending Time to File Complaint and

an Application and Order Extending Time to File Complaint in this action were deposited in the Post

Office for mailing by certified mail, return receipt requested.

    3.     It was mailed to Samuel B. Rankin, Suite 130-A, 6101 Carnegie Blvd., Charlotte, NC

28209.

    4.     Process was in fact received on the 24th day of January 2003 as evidenced by the

attached return receipt.

    This the 10th day of February, 2003.

Robert G. McIver
N.C. State Bar No.: 13310
Attorney for Plaintiff Class members

Sworn to and subscribed before me
this 10th day of February, 2003.

_Sheri Harrington_
Notary Public

My commission expires: 1|20|2007



**OF COUNSEL:**

**HUNTER, HIGGINS, MILES, ELAM & BENJAMIN, PLLC**
101 West Friendly Avenue, Suite 500
Greensboro, North Carolina 27401
Telephone:     (336) 273-1600
Facsimile:     (336) 274-4650

**OF COUNSEL:**

**TRACY PRIDE STONEMAN, P.C.**
301 Snowcrest
Westcliffe, CO 81252
Telephone:     (719) 783-0303
Facsimile:     (214) 853-9300

S:\Docs\McIver. RG\HHMEB\Securities Class Action\Pleadings\Affidavit of Service - Rankin.wpd

Case 1:03-cv-00170   Document 1   Filed 02/21/03   Page 62 of 99

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery

C. Signature
X _____
☐ Agent
☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Samuel B. Rankin
Suite 130-A
6101 Carnegie Blvd.
Charlotte, NC 28209

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered      ☒ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)          ☐ Yes

2. Article Number (Copy from service label)

7001 2510 0004 4631 5540

PS Form 3811, July 1999          Domestic Return Receipt          102595-00-M-0952

# STATE OF NORTH CAROLINA

_____ GUILFORD _____ County

FILED
03 FEB 12 PM 2:29

File No. 03CVS 3555
Film No.

In The General Court Of Justice
☐ District ☒ Superior Court Division

| Name Of Plaintiff | |
|---|---|
| VICTORIA T. McPHATTER, et al. BY | **CIVIL SUMMONS TO BE SERVED WITH ORDER EXTENDING TIME TO FILE COMPLAINT** |
| **VERSUS** | G.S. 1A-1, Rule 4 |
| Name Of Defendant(s) | |
| SALOMON SMITH BARNEY, INC. et al. | |

| TO: | TO: |
|---|---|
| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
| Samuel B. Rankin Suite 130-A 6101 Carnegie Blvd. Charlotte, NC 28209 | |

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the plaintiff's attorney within thirty (30) days after you have been served with the complaint as authorized in the attached order. You may serve your answer by delivering a copy to the plaintiff or the plaintiff's attorney or by mailing a copy to one of them at his/her last known address.

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date 2-12-03 | Time 2:29 ☒ AM ☐ PM |
|---|---|---|
| Robert N. Hunter, Jr. Robert G. McIver Hunter, Higgins, Miles, Elam & Benjamin 101 W. Friendly Ave., Suite 500 Greensboro, NC 27401 | Signature _Maria Mann_ | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court |

AOC-CV-102, Rev. 3/98
© 1998 Administrative Office of the

(Over)

# STATE OF NORTH CAROLINA

GUILFORD County

FILED

03 FEB 10 PM 2:51

GUILFORD CO., C.S.C.

BY _____

In The General Court Of Justice
☐ District  ☒ Superior Court Division

*Name Of Plaintiff*

VICTORIA T. McPHATTER, et. al.

**VERSUS**

*Name Of Defendant*

SALOMON SMITH BARNEY, INC., et. al.

**DELAYED SERVICE
OF
COMPLAINT**

G.S. 1A-1, Rules 3 & 4

| TO: | TO: |
|---|---|
| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
| Samuel B. Rankin<br>Suite 130-A<br>6101 Carnegie Blvd.<br>Charlotte, NC 28209 | |

You are being served with a copy of the complaint in this action, the delayed filing of which was ordered when the summons was issued. You must:

1.  Serve a copy of your written answer to the complaint upon the plaintiff or the plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or the plaintiff's attorney or by mailing a copy to one of them at his/her last known address.

2.  File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)* | *Date* | *Time* | ☐ AM<br>☐ PM |
|---|---|---|---|
| Robert N. Hunter, Jr.<br>Robert G. McIver<br>HUNTER, HIGGINS, MILES, ELAM & BENJAMIN, PLLC<br>101 W. Friendly Ave., Suite 500<br>Greensboro, NC 27401 | *Signature* | | |
| | ☐ *Deputy CSC* | ☐ *Assistant CSC* | ☐ *Clerk Of Superior Court* |

AOC-CV-103, Rev. 3/98
© 1998 Administrative Office of the

Original File    Copy-Each Defendant    Copy-Attorney/Plaintiff
(Over)

NORTH CAROLINA  IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
GUILFORD COUNTY                                      03 CVS 3555

VICTORIA T. McPHATTER, ALEXIS M. )
SCHOENTHAL and HUGH Q. SMITH, on )
behalf of themselves and others similarly situated, )
including but not limited to: JAMES MICHAEL )
McSWAIN, DEBORAH M. MICHALIC, )
SHARON ALESIA MILLER, BARBARA P. )
MOORE, SHIRLEY J. MOORE, JOHN DENNIS )
MORGAN, BETTIE H. NOBLITT, DIANE )
WILSON SHYTLE, LINDA T. SMART, CAROL )
JEAN NASH SPENCER, MARY STATEN )
SPEARS, THELMA L. HARDIN, MARSHA )
ROLLINS McKEE, PATRICIA ANN HANNA, )
REBECCA M. HOPKINS, BARBARA R. )
HOUSTON, CORA L. HUDSON, MARY L. )         **AFFIDAVIT OF SERVICE**
HUNTLEY, VIVIAN B. REICHART, )
LAVONNE M. THOMPSON, ALVIN LEWIS )
UNDERDOWN, MARION C. ALEXANDER, )
KAYE GAMBLE FALLS AND HUSBAND, )
ALBERT HERMAN FALLS, NANCY B. FOX, )
WILLIAM ALONZO GHENT, BETTY B. )
GILBERT, J.W. KAYLOR, JANICE B. CARTER, )
LINDA B. CHITWOOD, CAROLYN B. EVANS, )
WALDENE C. BERRY, ELAINE D. BLACK, )
BRENDA Y. BURGIN, MYRA G. GRAHAM, )
LINDA D. GRIFFIN, DENNIS R. HAMRICK, )
FAYE J. ERTZBERGER, JOHNNY C. )
PATTERSON, BRENDA M. PERRY, )
DELOSIE P. WALKER, JUDITH S. LYTLE, )
ALLISON GRANT, LUCINDA B. GARDIN, )
VERA P. CLIFTON, DEBORAH DAVIS, )
KATHRYN WHITE, )
                                         )
        Plaintiffs,                      )
                                         )
    vs.                                  )
                                         )
JEFFERY LIN SWEITZER, MATTHEW )
JAMES MULLER, SR., SAMUEL BOYCE )
RANKIN, RANDY MATZ, JOSEPH M. )
ZENTNER, JR. and OTHER DEFENDANTS )
TO BE NAMED and SALOMON, SMITH, )

BARNEY, INC.,                                    )
                                                 )
          Defendants.                            )
_____ )

STATE OF NORTH CAROLINA        )
                               ) ss:
COUNTY OF GUILFORD             )

**BEFORE ME,** a Notary Public, in and for the county and state aforesaid, came and appeared

Robert G. McIver who, being duly sworn, deposed and stated:

1.       My name is Robert G. McIver, I am over eighteen years of age, and am competent

and capable of making this Affidavit.

2.       A Civil Summons to be Served with Order Extending Time to File Complaint and

an Application and Order Extending Time to File Complaint in this action were deposited in the Post

Office for mailing by certified mail, return receipt requested.

3.       It was mailed to Randy Matz, Suite 130-A, 6101 Carnegie Blvd., Charlotte, NC

28209.

4.       Process was in fact received on the 24th day of January 2003 as evidenced by the

attached return receipt.

This the 10th day of February, 2003.

                                   Robert G. McIver
                                   N.C. State Bar No.: 13310
                                   Attorney for Plaintiff Class members

Sworn to and subscribed before me
this 10th day of February, 2003.



_Sheri Harrington_
Notary Public

My commission expires: 1/20/2007

**OF COUNSEL:**

**HUNTER, HIGGINS, MILES, ELAM & BENJAMIN, PLLC**
101 West Friendly Avenue, Suite 500
Greensboro, North Carolina 27401
Telephone:      (336) 273-1600
Facsimile:      (336) 274-4650

**OF COUNSEL:**

**TRACY PRIDE STONEMAN, P.C.**
301 Snowcrest
Westcliffe, CO 81252
Telephone:      (719) 783-0303
Facsimile:      (214) 853-9300

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

**1. Article Addressed to:**

Samuel B. Rankin
Suite 130-A
6101 Carnegie Blvd.
Charlotte, NC 28209

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery

C. Signature

X _____
☐ Agent
☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

**3. Service Type**
☒ Certified Mail    ☐ Express Mail
☐ Registered    ☒ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

**4. Restricted Delivery? (Extra Fee)**    ☐ Yes

**2. Article Number (Copy from service label)**

7001 2510 0004 4631 5540

PS Form 3811, July 1999          Domestic Return Receipt          102595-00-M-0952

# STATE OF NORTH CAROLINA

<u>GUILFORD</u> County

File No. 03CVS 3555
Film No.

In The General Court Of Justice
☐ District ☒ Superior Court Division

**Name Of Plaintiff**
VICTORIA T. McPHATTER, et al. BY

**VERSUS**

**Name Of Defendant(s)**
SALOMON SMITH BARNEY, INC. et al.

**CIVIL SUMMONS
TO BE SERVED WITH
ORDER EXTENDING
TIME TO FILE COMPLAINT**
G.S. 1A-1, Rule 4

| TO: | TO: |
|---|---|
| **Name And Address Of Defendant 1** | **Name And Address Of Defendant 2** |
| Samuel B. Rankin<br>Suite 130-A<br>6101 Carnegie Blvd.<br>Charlotte, NC 28209 | |

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the plaintiff's attorney within thirty (30) days after you have been served with the complaint as authorized in the attached order. You may serve your answer by delivering a copy to the plaintiff or the plaintiff's attorney or by mailing a copy to one of them at his/her last known address.

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)**
Robert N. Hunter, Jr.
Robert G. McIver
Hunter, Higgins, Miles, Elam & Benjamin
101 W. Friendly Ave., Suite 500
Greensboro, NC 27401

Date 12-03  Time 2:29  ☒ AM ☒ PM

Signature

☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

AOC-CV-102, Rev. 3/98
© 1998 Administrative Office of the

(Over)

# STATE OF NORTH CAROLINA

_____GUILFORD_____ County

FILED

~~[illegible]~~

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>VICTORIA T. McPHATTER, et. al. | **DELAYED SERVICE**<br>**OF**<br>**COMPLAINT**<br><br>G.S. 1A-1, Rules 3 & 4 |
| **VERSUS** | |
| *Name Of Defendant*<br>SALOMON SMITH BARNEY, INC., et. al. | |

| TO: | TO: |
|---|---|
| *Name And Address Of Defendant 1*<br><br>**Samuel B. Rankin**<br>Suite 130-A<br>6101 Carnegie Blvd.<br>Charlotte, NC 28209 | *Name And Address Of Defendant 2* |

You are being served with a copy of the complaint in this action, the delayed filing of which was ordered when the summons was issued. You must:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or the plaintiff's attorney or by mailing a copy to one of them at his/her last known address.

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)*<br>Robert N. Hunter, Jr.<br>Robert G. McIver<br>HUNTER, HIGGINS, MILES, ELAM & BENJAMIN, PLLC<br>101 W. Friendly Ave., Suite 500<br>Greensboro, NC 27401 | *Date* | *Time* | ☐ AM<br>☐ PM |
|---|---|---|---|
| | *Signature* | | |
| | ☐ *Deputy CSC* | ☐ *Assistant CSC* | ☐ *Clerk Of Superior Court* |

AOC-CV-103, Rev. 3/98
© 1998 Administrative Office of the

Original File    Copy-Each Defendant    Copy-Attorney/Plaintiff
(Over)

NORTH CAROLINA

GUILFORD COUNTY

| | |
|---|---|
| VICTORIA T. McPHATTER, ALEXIS M. SCHOENTHAL and HUGH Q. SMITH, on behalf of themselves and others similarly situated, including but not limited to: JAMES MICHAEL McSWAIN, DEBORAH M. MICHALIC, SHARON ALESIA MILLER, BARBARA P. MOORE, SHIRLEY J. MOORE, JOHN DENNIS MORGAN, BETTIE H. NOBLITT, DIANE WILSON SHYTLE, LINDA T. SMART, CAROL JEAN NASH SPENCER, MARY STATEN SPEARS, THELMA L. HARDIN, MARSHA ROLLINS McKEE, PATRICIA ANN HANNA, REBECCA M. HOPKINS, BARBARA R. HOUSTON, CORA L. HUDSON, MARY L. HUNTLEY, VIVIAN B. REICHART, LAVONNE M. THOMPSON, ALVIN LEWIS UNDERDOWN, MARION C. ALEXANDER, KAYE GAMBLE FALLS AND HUSBAND, ALBERT HERMAN FALLS, NANCY B. FOX, WILLIAM ALONZO GHENT, BETTY B. GILBERT, J.W. KAYLOR, JANICE B. CARTER, LINDA B. CHITWOOD, CAROLYN B. EVANS, WALDENE C. BERRY, ELAINE D. BLACK, BRENDA Y. BURGIN, MYRA G. GRAHAM, LINDA D. GRIFFIN, DENNIS R. HAMRICK, FAYE J. ERTZBERGER, JOHNNY C. PATTERSON, BRENDA M. PERRY, DELOSIE P. WALKER, JUDITH S. LYTLE, ALLISON GRANT, LUCINDA B. GARDIN, VERA P. CLIFTON, DEBORAH DAVIS, KATHRYN WHITE,<br><br>     Plaintiffs,<br><br>     vs.<br><br>JEFFERY LIN SWEITZER, MATTHEW JAMES MULLER, SR., SAMUEL BOYCE RANKIN, RANDY MATZ, JOSEPH M. ZENTNER, JR. and OTHER DEFENDANTS TO BE NAMED and SALOMON, SMITH, | **AFFIDAVIT OF SERVICE** |

BARNEY, INC.,                              )
                                           )
          Defendants.                      )
_____  )


STATE OF NORTH CAROLINA    )
                           ) ss:
COUNTY OF GUILFORD         )


**BEFORE ME,** a Notary Public, in and for the county and state aforesaid, came and appeared Robert G. McIver who, being duly sworn, deposed and stated:

1.    My name is Robert G. McIver, I am over eighteen years of age, and am competent and capable of making this Affidavit.

2.    A Civil Summons to be Served with Order Extending Time to File Complaint and an Application and Order Extending Time to File Complaint in this action were deposited in the Post Office for mailing by certified mail, return receipt requested.

3.    It was mailed to Randy Matz, Suite 130-A, 6101 Carnegie Blvd., Charlotte, NC 28209.

4.    Process was in fact received on the 24th day of January 2003 as evidenced by the attached return receipt.

This the 10th day of February, 2003.


Robert G. McIver
N.C. State Bar No.: 13310
Attorney for Plaintiff Class members

Sworn to and subscribed before me
this 10th day of February, 2003.



Sheri Harrington
Notary Public

My commission expires: 1/30/2007

**OF COUNSEL:**

**HUNTER, HIGGINS, MILES, ELAM & BENJAMIN, PLLC**
101 West Friendly Avenue, Suite 500
Greensboro, North Carolina 27401
Telephone:    (336) 273-1600
Facsimile:    (336) 274-4650

**OF COUNSEL:**

**TRACY PRIDE STONEMAN, P.C.**
301 Snowcrest
Westcliffe, CO 81252
Telephone:    (719) 783-0303
Facsimile:    (214) 853-9300

S:\Docs\McIver. RG\HHMEB\Securities Class Action\Pleadings\Affidavit of Service - Matz.wpd

Case 1:03-cv-00170   Document 1   Filed 02/21/03   Page 74 of 99

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Received by *(Please Print Clearly)* \| B. Date of Delivery<br><br>C. Signature<br>X _____ □ Agent □ Addressee |
| 1. Article Addressed to:<br><br>Randy Matz<br>Suite 130-A<br>6101 Carnegie Blvd.<br>Charlotte, NC 28209 | D. Is delivery address different from item 1? □ Yes<br>If YES, enter delivery address below: □ No<br><br><br><br>3. Service Type<br>☒ Certified Mail □ Express Mail<br>□ Registered ☒ Return Receipt for Merchandise<br>□ Insured Mail □ C.O.D.<br>4. Restricted Delivery? *(Extra Fee)* □ Yes |
| 2. Article Number *(Copy from service label)* | 7001 2510 0004 4631 5526 |

PS Form 3811, July 1999 — Domestic Return Receipt — 102595-00-M-0952

# STATE OF NORTH CAROLINA

_____ GUILFORD _____ County

File No.
03 CVS 3555

Film No.

In The General Court Of Justice
☐ District. ☒ Superior Court Division

| Name Of Plaintiff | |
| --- | --- |
| VICTORIA T. McPHATTER, et al. | **CIVIL SUMMONS** |
| **VERSUS** | **TO BE SERVED WITH** |
| Name Of Defendant(s) | **ORDER EXTENDING** |
| SALOMON SMITH BARNEY, INC. et al. | **TIME TO FILE COMPLAINT** |
| | G.S. 1A-1, Rule 4 |

| TO: | TO: |
| --- | --- |
| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
| Randy Matz<br>Suite 130-A<br>6101 Carnegie Blvd.<br>Charlotte, NC 28209 | |

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the plaintiff's attorney within thirty (30) days after you have been served with the complaint as authorized in the attached order. You may serve your answer by delivering a copy to the plaintiff or the plaintiff's attorney or by mailing a copy to one of them at his/her last known address.

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date 1-21-03 | Time 2.29 | ☐ AM<br>☒ PM |
| --- | --- | --- | --- |
| Robert N. Hunter, Jr.<br>Robert G. McIver<br>Hunter, Higgins, Miles, Elam & Benjamin<br>101 W. Friendly Ave., Suite 500<br>Greensboro, NC 27401 | Signature | | |
| | ☒ Deputy CSC | ☐ Assistant CSC | ☐ Clerk Of Superior Court |

AOC-CV-102, Rev. 3/98
©1998 Administrative Office of the

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the Order were received and served as follows:

### DEFENDANT 1

| Date Served | Name Of Defendant |
|---|---|
|  |  |

☐ By delivering to the defendant named above a copy of this Summons and Order.

☐ By leaving a copy of this Summons and Order at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of this Summons and Order to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Service Accepted By Defendant

| Date Accepted | Signature |
|---|---|
|  |  |

☒ Other Manner Of Service (specify)

Service obtained by Certified Mail, Return Receipt Requested

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Name Of Defendant |
|---|---|
|  |  |

☐ By delivering to the defendant named above a copy of this Summons and Order.

☐ By leaving a copy of this Summons and Order at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of this Summons and Order to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Service Accepted By Defendant

| Date Accepted | Signature |
|---|---|
|  |  |

☐ Other Manner Of Service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Date Received | Name Of Sheriff |
|---|---|---|
| $ |  |  |
| Paid By | Date Of Return | County |
|  |  | Deputy Sheriff Making Return |

AOC-CV-102, Side Two, Rev. 3/98
© 1998 Administrative Office of the

NORTH CAROLINA

GUILFORD COUNTY

03 CVS 3555

VICTORIA T. McPHATTER, ALEXIS M.
SCHOENTHAL and HUGH Q. SMITH, on
behalf of themselves and others similarly situated,
including but not limited to: JAMES MICHAEL
McSWAIN, DEBORAH M. MICHALIC,
SHARON ALESIA MILLER, BARBARA P.
MOORE, SHIRLEY J. MOORE, JOHN DENNIS
MORGAN, BETTIE H. NOBLITT, DIANE
WILSON SHYTLE, LINDA T. SMART, CAROL
JEAN NASH SPENCER, MARY STATEN
SPEARS, THELMA L. HARDIN, MARSHA
ROLLINS McKEE, PATRICIA ANN HANNA,
REBECCA M. HOPKINS, BARBARA R.
HOUSTON, CORA L. HUDSON, MARY L.
HUNTLEY, VIVIAN B. REICHART,
LAVONNE M. THOMPSON, ALVIN LEWIS
UNDERDOWN, MARION C. ALEXANDER,
KAYE GAMBLE FALLS AND HUSBAND,
ALBERT HERMAN FALLS, NANCY B. FOX,
WILLIAM ALONZO GHENT, BETTY B.
GILBERT, J.W. KAYLOR, JANICE B. CARTER,
LINDA B. CHITWOOD, CAROLYN B. EVANS,
WALDENE C. BERRY, ELAINE D. BLACK,
BRENDA Y. BURGIN, MYRA G. GRAHAM,
LINDA D. GRIFFIN, DENNIS R. HAMRICK,
FAYE J. ERTZBERGER, JOHNNY C.
PATTERSON, BRENDA M. PERRY,
DELOSIE P. WALKER, JUDITH S. LYTLE,
ALLISON GRANT, LUCINDA B. GARDIN,
VERA P. CLIFTON, DEBORAH DAVIS,
KATHRYN WHITE,

      Plaintiffs,

      vs.

JEFFERY LIN SWEITZER, MATTHEW
JAMES MULLER, SR., SAMUEL BOYCE
RANKIN, RANDY MATZ, JOSEPH M.
ZENTNER, JR. and OTHER DEFENDANTS
TO BE NAMED and SALOMON, SMITH,

**AFFIDAVIT OF SERVICE**

CC TCH

BARNEY, INC.,                                    )
                                                 )
        Defendants.                              )
                                                 )
_____ )


STATE OF NORTH CAROLINA        )
                               ) ss:
COUNTY OF GUILFORD             )

**BEFORE ME,** a Notary Public, in and for the county and state aforesaid, came and appeared Robert G. McIver who, being duly sworn, deposed and stated:

1.    My name is Robert G. McIver, I am over eighteen years of age, and am competent and capable of making this Affidavit.

2.    A Civil Summons to be Served with Order Extending Time to File Complaint and an Application and Order Extending Time to File Complaint in this action were deposited in the Post Office for mailing by certified mail, return receipt requested.

3.    It was mailed to Joseph Zentner, Jr. ("Joseph Zitner"), Suite 130-A, 6101 Carnegie Blvd., Charlotte, NC 28209.

4.    Process was in fact received on the 24th day of January 2003 as evidenced by the attached return receipt.

This the 10th day of February, 2003.

Robert G. McIver
N.C. State Bar No.: 13310
Attorney for Plaintiff Class members

Sworn to and subscribed before me
this 10th day of February, 2003.



_Sheri Harrington_
Notary Public

My commission expires: 1/20/2007

**OF COUNSEL:**

**HUNTER, HIGGINS, MILES, ELAM & BENJAMIN, PLLC**
101 West Friendly Avenue, Suite 500
Greensboro, North Carolina 27401
Telephone:      (336) 273-1600
Facsimile:      (336) 274-4650

**OF COUNSEL:**

**TRACY PRIDE STONEMAN, P.C.**
301 Snowcrest
Westcliffe, CO 81252
Telephone:      (719) 783-0303
Facsimile:      (214) 853-9300

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Joseph Zitner
Suite 130-A
6101 Carnegie Blvd.
Charlotte, NC 28209

COMPLETE THIS SECTION ON DELIVERY

A. Received by *(Please Print Clearly)*    B. Date of Delivery

C. Signature

X _____    ☐ Agent
            ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*           ☐ Yes

2. Article Number *(Copy from service label)*

7001 2510 0004 4631 5533

PS Form 3811, July 1999          Domestic Return Receipt          102595-00-M-0952

# STATE OF NORTH CAROLINA

____GUILFORD____ County

File No. 03 CVS 3555

Film No.

In The General Court Of Justice
☐ District ☒ Superior Court Division

*Name Of Plaintiff*
VICTORIA T. McPHATTER, et al.

**VERSUS**

*Name Of Defendant(s)*
SALOMON SMITH BARNEY, INC. et al.

## CIVIL SUMMONS
## TO BE SERVED WITH
## ORDER EXTENDING
## TIME TO FILE COMPLAINT

G.S. 1A-1, Rule 4

| TO: | TO: |
|---|---|
| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
| Joseph Zitner<br>Suite 130-A<br>6101 Carnegie Blvd.<br>Charlotte, NC 28209 | |

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the plaintiff's attorney within thirty (30) days after you have been served with the complaint as authorized in the attached order. You may serve your answer by delivering a copy to the plaintiff or the plaintiff's attorney or by mailing a copy to one of them at his/her last known address.

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)* | *Date* 1-21-03 | *Time* 2.29 | ☐ AM ☒ PM |
|---|---|---|---|
| Robert N. Hunter, Jr.<br>Robert G. McIver<br>Hunter, Higgins, Miles, Elam & Benjamin<br>101 W. Friendly Ave., Suite 500<br>Greensboro, NC 27401 | *Signature* | | |
| | ☒ Deputy CSC | ☐ Assistant CSC | ☐ Clerk Of Superior Court |

AOC-CV-102, Rev. 3/98
© 1998 Administrative Office of the

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the Order were received and served as follows:

### DEFENDANT 1

| Date Served | Name Of Defendant |
|---|---|
| | |

☐ By delivering to the defendant named above a copy of this Summons and Order.

☐ By leaving a copy of this Summons and Order at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of this Summons and Order to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Service Accepted By Defendant

| Date Accepted | Signature |
|---|---|
| | |

☒ Other Manner Of Service (specify)

Service obtained by Certified Mail, Return Receipt Requested

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Name Of Defendant |
|---|---|
| | |

☐ By delivering to the defendant named above a copy of this Summons and Order.

☐ By leaving a copy of this Summons and Order at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of this Summons and Order to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Service Accepted By Defendant

| Date Accepted | Signature |
|---|---|
| | |

☐ Other Manner Of Service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Date Received | Name Of Sheriff |
|---|---|---|
| $ | | |
| Paid By | Date Of Return | County |
| | | Deputy Sheriff Making Return |

AOC-CV-102, Side Two, Rev. 3/98
© 1998 Administrative Office of the

**STATE OF NORTH CAROLINA**

GUILFORD County FILED

03 FEB 10 PM 3:53

BY _____

In The General Court Of Justice
☐ District  ☒ Superior Court Division

*Name Of Plaintiff*

VICTORIA T. McPHATTER, et. al.

**VERSUS**

*Name Of Defendant*

SALOMON SMITH BARNEY, INC., et. al.

**DELAYED SERVICE
OF
COMPLAINT**

G.S. 1A-1, Rules 3 & 4

| TO: | TO: |
|---|---|
| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
| Randy Matz<br>Suite 130-A<br>6101 Carnegie Blvd.<br>Charlotte, NC 28209 | |

You are being served with a copy of the complaint in this action, the delayed filing of which was ordered when the summons was issued. You must:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or the plaintiff's attorney or by mailing a copy to one of them at his/her last known address.

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)* | Date 2|10|03 | Time 3:53 | ☐ AM<br>☐ PM |
|---|---|---|---|
| Robert N. Hunter, Jr.<br>Robert G. McIver<br>HUNTER, HIGGINS, MILES, ELAM & BENJAMIN, PLLC<br>101 W. Friendly Ave., Suite 500<br>Greensboro, NC 27401 | Signature Robin Johnson | | |
| | ☒ Deputy CSC | ☐ Assistant CSC | ☐ Clerk Of Superior Court |

AOC-CV-103, Rev. 3/98
© 1998 Administrative Office of the

Original File    Copy-Each Defendant    Copy-Attorney/Plaintiff
(Over)

# STATE OF NORTH CAROLINA

_____ GUILFORD County ~~FILED~~

File No.
03 CVS 3555
Film No.

In The General Court Of Justice
☐ District ☒ Superior Court Division

Name Of Plaintiff

VICTORIA T. McPHATTER, et. al.

**VERSUS**

Name Of Defendant

SALOMON SMITH BARNEY, INC., et. al.

**DELAYED SERVICE
OF
COMPLAINT**

G.S. 1A-1, Rules 3 & 4

| TO: | TO: |
|---|---|
| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
| Joseph M. Zentner, Jr.<br>Suite 130-A<br>6101 Carnegie Blvd.<br>Charlotte, NC 28209 | |

You are being served with a copy of the complaint in this action, the delayed filing of which was ordered when the summons was issued. You must:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or the plaintiff's attorney or by mailing a copy to one of them at his/her last known address.

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | | |
|---|---|---|
| Robert N. Hunter, Jr.<br>Robert G. McIver<br>HUNTER, HIGGINS, MILES, ELAM & BENJAMIN, PLLC<br>101 W. Friendly Ave., Suite 500<br>Greensboro, NC 27401 | Date 2/10/03 | Time 3:54 ☐ AM ☑ PM |
| | Signature | |
| | ☑ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

AOC-CV-103, Rev. 3/98
© 1998 Administrative Office of the

Original File    Copy-Each Defendant    Copy-Attorney/Plaintiff
(Over)

I certify that this Document and a copy of the Complaint were received and served as follows:

## DEFENDANT 1

| *Date Served* | *Name Of Defendant* |
|---|---|
| | |

☐ By delivering to the defendant named above a copy of this Document and Complaint.

☐ By leaving a copy of this Document and Complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of this Document and Complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Service Accepted By Defendant

| *Date Accepted* | *Signature* |
|---|---|
| | |

☐ Other Manner Of Service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| *Date Served* | *Name Of Defendant* |
|---|---|
| | |

☐ By delivering to the defendant named above a copy of this Document and Complaint.

☐ By leaving a copy of this Document and Complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of this Document and Complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Service Accepted By Defendant

| *Date Accepted* | *Signature* |
|---|---|
| | |

☐ Other Manner Of Service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| *Service Fee Paid* | *Date Received* | *Name Of Sheriff* |
|---|---|---|
| $ | | |
| *Paid By* | *Date Of Return* | *County* |
| | | *Deputy Sheriff Making Return* |

AOC-CV-103, Side Two, Rev. 3/98
© 1998 Administrative Office of the

NORTH CAROLINA

GUILFORD COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
03 CVS 3555

FEB    2003

VICTORIA T. McPHATTER, ALEXIS M.
SCHOENTHAL and HUGH Q. SMITH, on
behalf of themselves and others similarly situated,
including but not limited to: JAMES MICHAEL
McSWAIN, DEBORAH M. MICHALIC,
SHARON ALESIA MILLER, BARBARA P.
MOORE, SHIRLEY J. MOORE, JOHN DENNIS
MORGAN, BETTIE H. NOBLITT, DIANE
WILSON SHYTLE, LINDA T. SMART, CAROL
JEAN NASH SPENCER, MARY STATEN
SPEARS, THELMA L. HARDIN, MARSHA
ROLLINS McKEE, PATRICIA ANN HANNA,
REBECCA M. HOPKINS, BARBARA R.
HOUSTON, CORA L. HUDSON, MARY L.
HUNTLEY, VIVIAN B. REICHART,
LAVONNE M. THOMPSON, ALVIN LEWIS
UNDERDOWN, MARION C. ALEXANDER,
KAYE GAMBLE FALLS AND HUSBAND,
ALBERT HERMAN FALLS,  NANCY B. FOX,
WILLIAM ALONZO GHENT, BETTY B.
GILBERT, J.W. KAYLOR, JANICE B. CARTER,
LINDA B. CHITWOOD, CAROLYN B. EVANS,
WALDENE C. BERRY, ELAINE D. BLACK,
BRENDA Y. BURGIN, MYRA G. GRAHAM,
LINDA D. GRIFFIN, DENNIS R. HAMRICK,
FAYE J. ERTZBERGER, JOHNNY C.
PATTERSON, BRENDA M. PERRY,
DELOSIE P. WALKER, JUDITH S. LYTLE,
ALLISON GRANT, LUCINDA B. GARDIN,
VERA P. CLIFTON, DEBORAH DAVIS,
KATHRYN WHITE,

     Plaintiffs,

     vs.

JEFFERY LIN SWEITZER, MATTHEW
JAMES MULLER, SR., SAMUEL BOYCE
RANKIN, RANDY MATZ, JOSEPH M.
ZENTNER, JR. and OTHER DEFENDANTS
TO BE NAMED and SALOMON, SMITH,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**AFFIDAVIT OF SERVICE**

BARNEY, INC.,                    )
                                 )
        Defendants.              )
                                 )
_____)


STATE OF NORTH CAROLINA    )
                           ) ss:
COUNTY OF GUILFORD         )


**BEFORE ME,** a Notary Public, in and for the county and state aforesaid, came and appeared Robert G. McIver who, being duly sworn, deposed and stated:

1.    My name is Robert G. McIver, I am over eighteen years of age, and am competent and capable of making this Affidavit.

2.    A Civil Summons to be Served with Order Extending Time to File Complaint and an Application and Order Extending Time to File Complaint in this action were deposited in the Post Office for mailing by certified mail, return receipt requested.

3.    It was mailed to Salomon Smith Barney, Inc., c/o CT Corporation System, 225 Hillsborough Street, Raleigh, NC 27603.

4.    Process was in fact received on the 22nd day of January 2003 as evidenced by the attached return receipt.

This the 10th day of February, 2003.

Robert G. McIver
N.C. State Bar No.: 13310
Attorney for Plaintiff Class members

Sworn to and subscribed before me
this 10th day of February, 2003.

_Sheri Harrington_
Notary Public

My commission expires: 11 20 2007



**OF COUNSEL:**

**HUNTER, HIGGINS, MILES, ELAM & BENJAMIN, PLLC**
101 West Friendly Avenue, Suite 500
Greensboro, North Carolina 27401
Telephone:    (336) 273-1600
Facsimile:    (336) 274-4650

**OF COUNSEL:**

**TRACY PRIDE STONEMAN, P.C.**
301 Snowcrest
Westcliffe, CO 81252
Telephone:    (719) 783-0303
Facsimile:    (214) 853-9300

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Received by *(Please Print Clearly)*    B. Date of Delivery<br>1-22-03<br><br>C. Signature<br>X     ☐ Agent   ☐ Addressee |
| 1. Article Addressed to:<br><br>Salomon Smith Barney, Inc.<br>c/o CT Corporation System<br>225 Hillsborough Street<br>Raleigh, NC 27603 | D. Is delivery address different from item 1? ☐ Yes<br>    If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered   ☒ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br><br>4. Restricted Delivery? *(Extra Fee)*    ☐ Yes |
| 2. Article Number *(Copy from service label)* | 7001 2510 0004 4631 5564 |
| PS Form 3811, July 1999    Domestic Return Receipt | 102595-00-M-0952 |

# STATE OF NORTH CAROLINA

<u>GUILFORD</u> County

File No. 03 CVS 3555

Film No.

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>VICTORIA T. McPHATTER, et al.<br>**VERSUS**<br>*Name Of Defendant(s)*<br>SALOMON SMITH BARNEY, INC. et al. | **CIVIL SUMMONS<br>TO BE SERVED WITH<br>ORDER EXTENDING<br>TIME TO FILE COMPLAINT**<br>G.S. 1A-1, Rule 4 |

| TO: | TO: |
|---|---|
| *Name And Address Of Defendant 1*<br>Salomon Smith Barney, Inc.<br>c/o CT Corporation System<br>225 Hillsborough Street<br>Raleigh, NC 27603 | *Name And Address Of Defendant 2*<br><br>FEB 1 2003 |

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the plaintiff's attorney within thirty (30) days after you have been served with the complaint as authorized in the attached order. You may serve your answer by delivering a copy to the plaintiff or the plaintiff's attorney or by mailing a copy to one of them at his/her last known address.

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| | | |
|---|---|---|
| *Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)*<br>Robert N. Hunter, Jr.<br>Robert G. McIver<br>Hunter, Higgins, Miles, Elam & Benjamin<br>101 W. Friendly Ave., Suite 500<br>Greensboro, NC 27401 | *Date* 1-2-03<br>*Signature*<br>☒ Deputy CSC | *Time* 3:29 ☐ AM ☒ PM<br>☐ Assistant CSC ☐ Clerk Of Superior Court |

AOC-CV-102, Rev. 3/98
© 1998 Administrative Office of the

(Over)

## RETURN OF SERVICE

.I certify that this Summons and a copy of the Order were received and served as follows:

### DEFENDANT 1

| Date Served | Name Of Defendant |
|---|---|
| | |

☐ By delivering to the defendant named above a copy of this Summons and Order.

☐ By leaving a copy of this Summons and Order at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of this Summons and Order to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Service Accepted By Defendant

| Date Accepted | Signature |
|---|---|
| | |

☒ Other Manner Of Service *(specify)*

Service obtained by Certified Mail, Return Receipt Requested

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Name Of Defendant |
|---|---|
| | |

☐ By delivering to the defendant named above a copy of this Summons and Order.

☐ By leaving a copy of this Summons and Order at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of this Summons and Order to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Service Accepted By Defendant

| Date Accepted | Signature |
|---|---|
| | |

☐ Other Manner Of Service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Date Received | Name Of Sheriff |
|---|---|---|
| $ | | |
| Paid By | Date Of Return | County |
| | | Deputy Sheriff Making Return |

AOC-CV-102, Side Two, Rev. 3/98
© 1998 Administrative Office of the

# STATE OF NORTH CAROLINA ·

_____GUILFORD____ County

In The General Court Of Justice

☐ District  ☒ Superior Court Division

| Name Of Plaintiff | |
| --- | --- |
| VICTORIA T. McPHATTER, et. al. | **DELAYED SERVICE OF COMPLAINT** |
| **VERSUS** | |
| Name Of Defendant | |
| SALOMON SMITH BARNEY, INC., et. al. | G.S. 1A-1, Rules 3 & 4 |

| TO: | TO: |
| --- | --- |
| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
| Salomon Smith Barney, Inc.<br>c/o CT Corporation System<br>225 Hillsborough Street<br>Raleigh, NC 27603 | |

You are being served with a copy of the complaint in this action, the delayed filing of which was ordered when the summons was issued. You must:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or the plaintiff's attorney or by mailing a copy to one of them at his/her last known address.

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date 2/10/03 | Time 3:50 | ☐ AM<br>☐ PM |
| --- | --- | --- | --- |
| Robert N. Hunter, Jr.<br>Robert G. McIver<br>HUNTER, HIGGINS, MILES, ELAM & BENJAMIN, PLLC<br>101 W. Friendly Ave., Suite 500<br>Greensboro, NC 27401 | Signature _Robin Johnson_ | | |
| | ☒ Deputy CSC | ☐ Assistant CSC | ☐ Clerk Of Superior Court |

## RETURN OF SERVICE

I certify that this Document and a copy of the Complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Name Of Defendant |
|---|---|
| | |

- [ ] By delivering to the defendant named above a copy of this Document and Complaint.

- [ ] By leaving a copy of this Document and Complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

- [ ] As the defendant is a corporation, service was effected by delivering a copy of this Document and Complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

- [ ] Service Accepted By Defendant

| Date Accepted | Signature |
|---|---|
| | |

- [ ] Other Manner Of Service (specify)

- [ ] Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Name Of Defendant |
|---|---|
| | |

- [ ] By delivering to the defendant named above a copy of this Document and Complaint.

- [ ] By leaving a copy of this Document and Complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

- [ ] As the defendant is a corporation, service was effected by delivering a copy of this Document and Complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

- [ ] Service Accepted By Defendant

| Date Accepted | Signature |
|---|---|
| | |

- [ ] Other Manner Of Service (specify)

- [ ] Defendant WAS NOT served for the following reason:

| Service Fee Paid | Date Received | Name Of Sheriff |
|---|---|---|
| $ | | |
| Paid By | Date Of Return | County |
| | | Deputy Sheriff Making Return |

AOC-CV-103, Side Two, Rev. 3/98
℗ 1998 Administrative Office of the

# STATE OF NORTH CAROLINA

File No.
03CVS 3555

___GUILFORD___ County

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| | |
|---|---|
| Name Of Plaintiff | |

VICTORIA T. McPHATTER, et al.

**APPLICATION AND ORDER**

**VERSUS**

**EXTENDING TIME TO**

Name Of Defendant

**FILE COMPLAINT**

SALOMON SMITH BARNEY, INC. et al.

G.S. 1A-1, Rule 3

| APPLICATION |
|---|

The undersigned requests permission to file a complaint in this action within twenty (20) days of any order granting this Application, as provided in Rule 3 of the Rules of Civil Procedure. The nature and purpose of the action are:

Name And Purpose Of The Action

Class action seeking damages for improper financial consulting services.

| Date | Signature | |
|---|---|---|
| January 21, 2003 | | ☐ Applicant |
| | | ☒ Attorney For Applicant |

| ORDER |
|---|

The Court states that the nature and purpose of this action are as set forth above.

Therefore, it is ORDERED that permission is granted to the applicant to file a complaint in this action up to and including the date shown below.

| File Complaint On Or Before | Date Of Order |
|---|---|
| 2.10.03 | 1.21.03 |
| *(Date must be within 20 days of date of Order.)* | Signature |
| | Teresa Blake |
| | ☐ Assistant Clerk Of Superior Court  ☐ Clerk Of Superior Court |

**NOTE:** *Under Rule 3 of the Rules of Civil Procedure, upon entry of this Order, a summons shall be issued and the summons and a copy of this Order must be served in accordance with the provisions of Rule 4. A complaint must be filed in this action within the period provided above and that complaint must be served in accordance with the provisions of Rule 4 or by registered mail if the plaintiff so elects. If a complaint is not filed within the above period, the action shall abate.*

AOC-CV-101, Rev. 4/01
©2001 Administrative Office of the Courts                    (Over)

STATE OF NORTH CAROLINA

COUNTY OF GUILFORD

RECEIVED
In This Office

FEB 2 1 2003

CLERK, U.S. DISTRICT COURT
GREENSBORO, N.C.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
03-CVS-3555

VICTORIA T. McPHATTER, ALEXIS M.
SCHOENTHAL and HUGH Q. SMITH,
on behalf of themselves and others similarly
situated, including but not limited to:
JAMES MICHAEL McSWAIN,
DEBORAH M. MICHALIC, SHARON
ALESIA MILLER, BARBARA P.
MOORE, SHIRLEY J. MOORE, JOHN
DENNIS MORGAN, BETTIE H.
NOBLITT, DIANE WILSON SHYTLE,
LINDA T. SMART, CAROL JEAN NASH
SPENCER, MARY STATEN SPEARS,
THELMA L. HARDIN, MARSHA
ROLLINS McKEE, PATRICIA ANN
HANNA, REBECCA M. HOPKINS,
BARBARA R. HOUSTON, CORA L.
HUDSON, MARY L. HUNTLEY, VIVIAN
B. REICHART, LAVONNE M.
THOMPSON, ALVIN LEWIS
UNDERDOWN, MARION C.
ALEXANDER, KAYE GAMBLE FALLS
AND HUSBAND, ALBERT HERMAN
FALLS, NANCY B. FOX, WILLIAM
ALONZO GHENT, BETTY B. GILBERT,
J.W. KAYLOR, JANICE B. CARTER,
LINDA B. CHITWOOD, CAROLYN B.
EVANS, WALDENE C. BERRY, ELAINE
D. BLACK, BRENDA Y. BURGIN,
MYRA G. GRAHAM, LINDA D.
GRIFFIN, DENNIS R. HAMRICK, FAYE
J. ERTZBERGER, JOHNNY C.
PATTERSON, BRENDA M. PERRY,
DELOISE P. WALKER, JUDITH S.
LYTLE, ALLISON GRANT, LUCINDA
B. GARDIN, VERA P. CLIFTON,
DEBORAH DAVIS, KATHRYN WHITE,

    Plaintiffs,

    vs.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**NOTICE OF FILING OF
NOTICE OF REMOVAL**

2129181.01
LIB: CH

JEFFERY LIN SWEITZER, MATTHEW )
JAMES MULLER, SR., SAMUEL BOYCE )
RANKIN, RANDY MATZ, JOSEPH M. )
ZENTNER, JR. and OTHER )
DEFENDANTS TO BE NAMED, and )
SALOMON SMITH BARNEY, INC. )
)
      Defendants. )
_____ )

      PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446(d), Defendants

Jeffery Lin Sweitzer, Matthew James Muller, Sr., Samuel Boyce Rankin, Randy Matz, Joseph M.

Zentner, Jr., and Salomon Smith Barney, Inc. (collectively "Defendants"), by and through their

undersigned attorneys, Kennedy Covington Lobdell & Hickman, L.L.P., have removed the

above-referenced case to the United States District Court for the Middle District of North

Carolina and hereby files a copy of the Notice of Removal, which is attached as Exhibit 1. The

filing of this notice "shall effect the removal and the State court shall proceed no further unless

and until the case is remanded." 28 U.S.C. § 1446(d).


      This the 21st day of February, 2003.

                         _____

                         George C. Covington
                         N.C. State Bar No. 12370
                         John H. Culver III
                         N.C. State Bar No. 17849
                         214 North Tryon Street, 47th Floor
                         Charlotte, NC 28202
                         Telephone: (704) 331-7400
                         **Attorneys for Defendants**

2129181.01
LIB: CH

OF COUNSEL:

KENNEDY COVINGTON LOBDELL & HICKMAN, L.L.P.
Hearst Tower, 47th Floor
214 North Tryon Street
Charlotte, NC 28202
Telephone: (704) 331-7400
Facsimile: (704) 331-7598

3

2129181.01
LIB: CH

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **Notice of Filing of Notice of Removal** was served upon all other parties to this action by depositing a copy of the same in the United States mail, first-class postage prepaid, addressed as follows:

Robert N. Hunter
101 West Friendly Avenue, Suite 500
Greensboro, NC 27401

Robert v. McIver
101 West Friendly Avenue, Suite 500
Greensboro, NC 27401

Tracy Pride Stoneman
301 Snowcrest
Westcliffe, CO 81252

**Attorneys for Plaintiff Class Members**

This 21st day of February, 2003.

John H. Culver III

2129181.01
LIB: CH